(No. 24027.—

LEONARD H. ROACH *et al.* Appellants, *vs.* THE VILLAGE OF WINNETKA, Appellee.

*Opinion filed June 11, 1937—Rehearing denied October 6, 1937.*

ORR and JONES, JJ., dissenting.

Robert F. Kolb, (Francis X. Busch, and Francis M. Cooper, of counsel,) for appellants.

Tolman, Chandler & Dickinson, (Frederick Dickinson, and Alex Elson, of counsel,) for appellee.

Howard F. Bishop, *amicus curiæ*, for various property owners.

Thomas A. Matthews, *amicus curiæ*, for The Illinois Municipal League.

Mr. Chief Justice Farthing delivered the opinion of the court:

The superior court of Cook county allowed the village of Winnetka's motion for judgment, directed against appellants' complaint on the ground it was insufficient in law, and entered judgment for costs in favor of the village. A construction of section 13 of article 2 of the constitution of 1870 is presented by this appeal. (*Winkelman* v. *City of Chicago,* 213 Ill. 360.) The appellants are land owners whose property was sought to be condemned in a special assessment proceeding under the Local Improvement act, dismissed by the village before final judgment was entered. This action at law was begun to recover damages caused by reason of the pendency of that proceeding.

The complaint, after alleging that appellants were the owners of two lots in the Village of Winnetka, states that on June 18, 1929, the village passed an ordinance for the opening and extension of Lincoln avenue from Elm street to Oak street, and from Oak street to Cherry street, which provided for condemnation of parts of appellants' two lots. On July 16, 1929, the village filed its petition for condemnation and assessment of benefits in the superior court of Cook county. No further action was taken thereon until

August 19, 1931, when the village secured the appointment of commissioners to report to the court the amounts to be paid for private property to be taken, and to assess the public and private benefits. On September 14, 1931, the commissioners filed their report and assessment roll. They awarded $85,800 to the owners of lot 1, and $47,250 to the owners of lot 2. About March 16, 1932, legal objections were heard and, on March 28, 1932, these were overruled and a trial was begun to determine what sums should be awarded the appellants for property taken and damaged. The trial of the case, so far as the property here involved was concerned, was completed on May 18, 1932, and on September 23, 1932, the court entered an award of $135,000 to the owners of lot 1, except the Illinois Bell Telephone Company, and $63,000 to the owners of lot 2, for lands taken. From May 18, 1932, to July 16, 1932, matters affecting other parties to the special assessment proceeding were heard. Nothing was done by the village or court thereafter, although appellants made repeated requests of the village to dispose of the remaining issues affecting other property owners, so that final judgment might be entered. No allegation is made as to the exact number of additional tracts or owners involved in the proceeding. On January 24, 1933, appellants gave notice to the village and appeared in the superior court and requested that the cause be set for hearing, and that the village be required to proceed. The village opposed the motion and its counsel told the court that nobody was interested in proceeding with the cause, except appellants. The cause was continued. Appellants appeared before the court on February 21, 1933, March 22, 1933, March 30, 1933, and May 1, 1933, and demanded that the cause be placed on trial and final judgment be entered therein, at which times the village resisted the motions, and the court granted further continuances. Pursuant to written notice, appellants appeared before the court on September 25, 1933, and asked

that the cause be set for trial. The village again sought delay, and again urged that no one except appellants was interested in disposing of the cause. The cause was thereafter continued by the court on nine different occasions, and on February 24, 1934, the village voluntarily dismissed the proceeding. The complaint then alleges that by reason of the pendency of the condemnation suit appellants were unable to rent, sell, develop or improve their property, and that, after the filing of the commissioners' report, the appellants terminated and canceled leases of portions of the premises and rented the property on a month-to-month basis at greatly reduced rentals. Appellants alleged that by reason of the pendency of the condemnation proceeding they were prevented from re-financing a mortgage on the property which matured on July 1, 1933. They also claimed attorney's fees as an element of their damages. The court overruled appellee's first motion for judgment, which challenged the sufficiency of the complaint. Appellee then filed a motion to strike paragraph 17 of the complaint, which sought to recover attorney's fees and the costs and expenses of appellants in preparing for trial, which motion was sustained. The appellee then filed an answer to the complaint, but later was granted leave, by a different judge, to withdraw its answer and to renew its motion for judgment. The motion was allowed, and judgment was entered for appellee. This appeal followed.

Appellants object to the court reconsidering its ruling on the motion for judgment, but this was not error. A court may correct an erroneous ruling at any time before final judgment. *Shaw* v. *Dorris*, 290 Ill. 196.

The appellants contend that when a special assessment proceeding under the Local Improvement act, involving condemnation, is filed, and subsequently dismissed by the condemnor, if the pendency of the proceeding damages owners of lands sought to be condemned it constitutes a taking or damaging of private property for which the

owner is entitled to just compensation within section 13 of article 2 of the constitution of 1870. They further contend that the facts alleged in their complaint show that the case was not prosecuted with diligence, and that they are entitled to just compensation for the damage done to their property by reason of wrongful delay. The appellee says that the constitutional provision does not apply unless there is a physical taking of property for public use, and, in any event, that the complaint does not allege facts showing an unreasonable delay.

In the majority of jurisdictions in which the question has arisen, it has been held that where condemnation proceedings have been unreasonably prolonged by the condemnor and are finally abandoned, the property owner may recover damages resulting from the delay, although the condemnor had the absolute right to abandon the proceedings. The cases from this and other jurisdictions announcing the above rule are collected in a note in 92 A. L. R. 379. (See, also, to the same effect, 10 R. C. L. p. 238, Eminent Domain, sec. 200.) *Winkelman* v. *City of Chicago*, 213 Ill. 360, supports this rule. We there held the city of Chicago liable in an action to recover damages occasioned by the fact that it had failed and refused for more than five years to try a condemnation suit, and had not elected to dismiss the proceeding until more than fifteen months after judgment. That petition for condemnation was filed on July 8, 1890. The cause was tried in November, 1895, and judgment of condemnation was entered on January 31, 1896. On May 17, 1897, the city council passed an ordinance directing the corporation counsel to have the judgment vacated and the petition dismissed. Plaintiff in that case sued for the difference in value of the real estate at the time he could have sold it but for the pendency of the suit, and its value at the time the petition was dismissed. The action of the court in striking evidence to show the decrease in value was assigned as error. It appeared that it

was the practice in Cook county, at that time, to permit a clerk in the office of the corporation counsel to make up the calendar for the trial of condemnation proceedings. He would place on the trial calendar only the cases which the city was prepared and willing to try. Winkelman had applied to the corporation counsel at frequent intervals to have his cause placed on trial, but his request was not complied with for more than five years. We condemned this practice and said that the preparation of trial calendars should be under the control of the courts, and that control should not be surrendered to one of the parties to the cause. In the course of the opinion we said: "When a municipal corporation institutes a proceeding to condemn land, it should prosecute the suit with diligence. Upon the damages being fixed by the judgment, it is its duty to determine within a reasonable time, whether it will pay the damages and enter upon the land or abandon the proceeding, and if it takes the latter course, its purpose should be promptly and unequivocally made a matter of record by the vacation of the judgment and the dismissal of the petition. If it wrongfully delays the trial of the cause, and omits to make its election to take the land or abandon the proceeding within a reasonable time after the amount of the judgment has been fixed, and then elects to discontinue, it is liable to the owner of the land for damages occasioned by such wrongful acts. If the acts be not both wrongful and injurious there is no liability; but where they are both wrongful and injurious the land owner is entitled to recover. [Citing cases.]

"The right to recover is based, not upon the fact that there is delay in the prosecution of the suit and consequent damage or that there is delay in determining to abandon the proceeding after the amount of damages is fixed and resulting damage to the land, but upon the theory that the delay in prosecuting the suit has been wrongful or that the abandonment was not determined upon within a rea-

sonable time after the award had been fixed, and that in either case the delay occasioned damage to the land owner. * * * More than fifteen months intervened between the time the judgment was entered and the time the ordinance abandoning the proceeding was passed. Here everything necessarily awaited the action of the city. The owner of the land was entirely without any means of hastening the time when the city would elect. Such a delay is *prima facie* unreasonable. Public policy forbids that a municipal corporation should be permitted to practice such an imposition upon the property owner." We further held that the plaintiff had not waived the damage caused by the delay. We also held that a construction of section 13 of article 2 of the constitution of 1870 was involved.

The case of *Lindstrom* v. *City of Chicago,* 331 Ill. 144, recognizes the rule applied in the *Winkelman case,* but in the *Lindstrom case* we held that a delay of four and one-half months was not unreasonable and, therefore, the condemnor was not guilty of a wrongful and unreasonable delay. At page 150 we said: "The declaration does not show a cause of action. The additional count alleges the damaging of appellants' property for a public use. No facts are in this count stated from which it can be determined that the property is damaged. It alleges that defendant became liable under the statute in such case made and provided. As we have seen, the statute does not provide that a school district shall be held liable in an action such as is here brought. This count is merely one of conclusions. Under this condition of the record there is not presented the question whether, under the provision of the constitution requiring just compensation for property damaged for a public purpose, a defendant to a condemnation petition is to be afforded, regardless of the statute, a right of action to recover damages." The case of *City of Evanston* v. *Knox,* 241 Ill. 460, was not an action for damages for wrongful delay in prosecuting a condemnation suit, and

we said the question whether property owners could recover in a proper action, under the rules laid down in the *Winkelman case, supra,* was not presented or decided. There, the property owners attempted to compel the condemnor to pay for the lands sought to be condemned, and at the same time they resisted a motion by the condemnor to dismiss the proceeding. We held that the legislature had provided under what circumstances the city could dismiss condemnation proceedings and that we were bound thereby, and could not impose the payment of damages as a condition to a dismissal. In *Roe* v. *County of Cook,* 358 Ill. 568, we held that even though the county was an involuntary corporation it was liable, under the constitution, to pay just compensation for taking or damaging private property for public use. We held that this section of the constitution was self-executing, and that the county was liable under it in the absence of statute.

The appellee relies upon *Rigney* v. *City of Chicago,* 102 Ill. 64, *Otis Elevator Co.* v. *City of Chicago,* 263 id. 419, *Barnard* v. *City of Chicago,* 270 id. 27, and *City of Winchester* v. *Ring,* 312 id. 544. It contends that in view of these decisions a "physical invasion" of property rights is all that is actionable under section 13 of article 2 of the constitution, and that loss occasioned by the mere prosecution of condemnation proceedings is *damnum absque injuria.* In each of the above cases there was some physical invasion of the rights of property caused by the construction of the improvement and what was said in those cases in that connection was said with reference to the facts involved. We did not go so far as to say that they were the only cases in which recovery could be had. In *City of Winchester* v. *Ring, supra,* we discussed the question of what were proper elements of damage to be allowed in a condemnation case. The question of the right to sue for damages for failure to prosecute such a suit with diligence was not involved in any of the four cases.

Appellee also relies on *Howard* v. *Illinois Central Railroad Co.* 64 Fed. (2d) 267, in further support of its contention that the damage here claimed is *damnum absque injuria*. The language used in that case seems to support appellee, but the facts there showed no unreasonable delay in dismissing the suit. The suit had been pending over nine years, but during that time Howard lost an appeal to the Supreme Court of Indiana, and the railroad company obtained a reversal of a judgment entered against it after the second trial. Before the third trial the railroad company dismissed the suit, and the circuit court of appeals for the seventh circuit held it was not liable. *The Winkelman case* was relied on as authority for the conclusion reached, and the court's decision rests on the fact that there was no delay in prosecution.

We hold that, independent of a statute, under section 13 of article 2 of the constitution of 1870 a property owner has a right of action to recover damages occasioned by wrongful delay in the prosecution of condemnation proceedings under the Local Improvement act. The next question presented is whether the appellants alleged facts showing such a delay. Their complaint says that their property was worth $300,000 on July 16, 1929, when the suit was filed and on September 14, 1931, when the commissioners filed their report. There was, therefore, no damage alleged to have been suffered by appellants during that period. Appellants do not question the diligence of the appellee until after September 23, 1932, at which time the trial court entered its findings with reference to the value of appellants' property taken. All that is alleged, thereafter, to show a wrongful delay, is the requests of appellants that the proceedings be completed and applications to the court to set down the undisposed of matters for final determination. It is true it is alleged that counsel for the village stated that no one other than appellants wanted these matters finally determined, but the several continu-

ances were granted by the court and no abuse of discretion is alleged to have been induced by the appellee. It is not shown how many other tracts of land were to be condemned or how many other owners there were. The allegations of the complaint do not contain facts which, if true, make the appellee guilty of an unreasonable delay in bringing to a definite and final conclusion the special assessment proceeding, and the trial court was correct in sustaining appellee's motion for judgment.

It is not necessary to pass on the propriety of the ruling on the motion to strike paragraph 17 of the complaint, concerning attorney's fees, costs and expenses.

The judgment of the superior court of Cook county is right, and it is affirmed.

*Judgment affirmed.*

Mr. JUSTICE ORR, dissenting:

While I agree with the principle of law announced in this opinion that a property owner may recover damages occasioned by wrongful delay in the prosecution of condemnation proceedings, I cannot agree with its application to the facts in this case. Under our holding in *Winkelman* v. *City of Chicago,* 213 Ill. 360, damages were allowed against the city for fifteen months' delay after judgment. In the present case, the record shows that the award in favor of appellants was entered September 23, 1932, and nothing was done thereafter by the village until the suit was dismissed on February 24, 1934, a period of seventeen months. During this protracted period, the opinion states that on January 24, February 21, March 22, March 30, May 1, and September 25, 1933, appellants gave notice and demanded that the cause be placed on trial and final judgment entered. In addition to these six occasions, all of which were resisted by the village, the opinion states that the cause was thereafter continued on nine other occasions before it was finally dismissed by the village. This delay of seventeen months, during which fifteen continu-

ances were sought and obtained, brings the case squarely within the holding of the *Winkelman case, supra.*

It would seem immaterial whether any others besides appellants wanted the proceeding finally determined, so long as it is admitted that they had the right to recover damages occasioned by the wrongful delay. It would also seem immaterial how many other tracts of land were involved in the proceeding. The allegations of the complaint are sufficient to show an abuse of discretion by the court and unwarranted delay by appellee. Under these circumstances, the judgment should not have been affirmed.

Mr. JUSTICE JONES concurs in the above dissent.