■ NATIONAL BANK OF WESTCHESTER, Respondent, v JOSEPH R. PISANI et al., Appellants.—In an action pursuant to CPLR 3212 to recover on instruments for the payment of sums of money, plus attorneys' fees, in which defendants counterclaim on their own behalf, and on behalf of all others similarly situated, *inter alia,* for declarations that (1) plaintiff's collection of attorneys' fees is illegal and unconscionable and (2) by seeking to collect such fees, plaintiff has rendered the underlying transaction usurious and illegal, defendants appeal from a money judgment of the

Supreme Court, Westchester County, dated May 10, 1976, which is in favor of plaintiff and against them, upon the grant of plaintiff's motion and the findings in favor of plaintiff as to the counterclaims. Judgment modified, on the law, by adding thereto provisions dismissing the counterclaims. As so modified, judgment affirmed, without costs or disbursements. Defendant Joseph R. Pisani entered into three separate agreements with plaintiff National Bank of Westchester. In two of them he was joined by his wife, defendant Joan L. Pisani. All three agreements provided for the payment of attorneys' fees by defendants in the event it should be necessary for plaintiff to bring suit to collect any balance due; two fixed the attorneys' fees at 15% of the unpaid balance, the third at up to 20% of the unpaid balance. When the defendants eventually defaulted on all three agreements, plaintiff brought suit, seeking as an element of recovery attorneys' fees of 15% on each agreement, a total of $1,507.39 on unpaid balances totaling $10,049.31. Defendants argue that these fees are unreasonable because they bear no relation to the value of the services actually rendered by the bank's attorneys. They further argue that Special Term erred in failing to conduct a hearing to determine the reasonableness of such fees. We disagree. Both the percentage and the dollar amount of the attorneys' fees indicate that such fees were properly granted on the motion for summary judgment. No hearing was required to determine their reasonableness (cf. *National Commercial Bank & Trust Co. v Bart Boat Co.,* 41 AD2d 159). Defendants also contend that the agreements in question are usurious. They argue that by adding the amount of the attorneys' fees to the amount charged as interest in the agreements, the resulting rate exceeds the statutory maximum. We find this argument without merit. Defendants have failed to show that plaintiff actually retains all or part of these so-called attorneys' fees as a penalty (cf. *Matter of Thompson v Chemical Bank,* 84 Misc 2d 721). Defendants interposed two class action counterclaims. The first alleges that the collection of attorneys' fees by plaintiff, in this and all similar cases, is illegal and unconscionable, because the fees charged are unreasonable. The second alleges that these agreements, and all similar agreements, are usurious, because the attorneys' fees are merely a guise for the collection of additional interest as a penalty. In our view, neither of these counterclaims was properly interposed as a class action. The predominant questions in these counterclaims, to wit, the reasonableness of a particular fee charged, and the usurious nature of a particular agreement, respectively, are questions which affect only individual class members. Whatever common questions of law and fact may exist do not predominate over these individual aspects. As to the remainder of the counterclaims, i.e., those parts pertaining solely to defendants themselves, we find the prayer for declaratory relief inappropriate. These portions of the counterclaims raise no issues which were not considered in the main action. Further, any and all relief which defendants may properly expect to flow from the success of their counterclaims is available in conjunction with the disposition of the main action, including defendants' affirmative defenses. Declaratory relief is unavailable under such circumstances (cf. *Gaynor v Rockefeller,* 15 NY2d 120); hence, it is unnecessary for the judgment to make declarations with respect to the rights of the parties (cf. *Lanza v Wagner,* 11 NY2d 317, 334). Cohalan, J. P., Hawkins, Mollen and O'Connor, JJ., concur.