## (May 15, 1978)

■  CHEMICAL BANK, Appellant, v AL H. BATTAGLIA et al., Respondents. —In an action against guarantors to recover the balance due under a

written lease agreement after the principal defaulted, the appeal is from an order of the Supreme Court, Nassau County, dated October 5, 1977, which denied plaintiff's motion for summary judgment. Order reversed, on the law, with $50 costs and disbursements, motion granted as to the liability of the defendants, and action remitted to Special Term for further proceedings in accordance herewith. Defendants' liability has been established. There are no triable issues of fact involving the sufficiency of the consideration for the guarantee or the value of the equipment which is the subject of the lease. Accordingly, partial summary judgment should have been granted to the plaintiff on the issue of liability (see CPLR 3212, subd [e]). The only triable issues in this case were raised by defendants' cross claims for indemnification and by the provisions in the contracts of guarantee compelling defendants to pay attorneys' fees of 20% of the balance due under the lease. Special Term is to hold further proceedings in order to (1) properly apportion responsibility between the defendants for the damages due and owing to the plaintiff and (2) determine whether the liquidated attorneys' fees is reasonable "in light of such factors as whether the fee is commensurate with the actual arrangement agreed upon by the plaintiff and its attorney, and whether the amount provided for was unreasonably large or grossly disproportionate to the damages which the plaintiff was likely to suffer from breach in the event it had not relied upon defendant's agreement to pay attorney's fees" (*Long Is. Trust Co. v Jones,* 56 AD2d 838, 839). Latham, J. P., Damiani, Rabin and Cohalan, JJ., concur.