■ FEDERAL DEPOSIT INSURANCE CORPORATION, Respondent, v PARK LANE REALTY ASSOCIATES et al., Appellants, and HAROLD WEISSMAN, Defendant.—In an action on a promissory note, the appeals are from (1) so much of an order of the Supreme Court, Kings County, dated September 6, 1978, as granted plaintiff summary judgment in the sum demanded in the complaint, with late charges and counsel fees, (2) a judgment of the same court, entered thereon on October 4, 1978, and (3) an amended judgment of the same court, entered February 13, 1979. Appeal from the order dismissed (see *Matter of Aho,* 39 NY2d 241, 248). Appeal from the judgment entered October 4, 1978 dismissed. Said judgment was superseded by the judgment entered February 13, 1979. Judgment entered February 13, 1979 modified, on the law, by reducing the amount awarded to the plaintiff by the sum of $10,253.56, that sum representing the amount attributable to counsel fees. As so modified, judgment affirmed, and action remanded to Special Term for further proceedings in accordance herewith. Plaintiff is awarded one bill of $50 costs and disbursements to cover all appeals. Appellants contend that summary judgment should not have been granted for the following reasons: (1) a prior motion for summary judgment against defendant Weissman had been denied and that determination was the law of the case on the instant motion; (2) the rate of interest provided for in the promissory note was usurious; and (3) a hearing should have been held as to plaintiff's entitlement to counsel fees, which the note fixed at 15% of the sums due and owing thereunder. Regarding appellants' first contention, even if this court were bound by the doctrine of law of the case by virtue of a prior determination of Special Term, said determination would not warrant the denial of summary judgment against appellants, as the defenses raised by them are not identical to those asserted by defendant Weissman. Accordingly, the presence of adjudicated questions of fact as to the latter does not lead inexorably to the conclusion that there must be triable issues of fact as to

the former. The issues presented are not identical. Nor does the existence of cross claims between appellants and Weissman mandate, under the circumstances here present, the denial of summary judgment to the plaintiff, as plaintiff's right to recover from the appellants is not dependent upon the outcome of those cross claims. As to the contention that the interest rate was usurious, we hold that it was not. Since plaintiff's predecessor, the Franklin National Bank, was a Federally chartered bank, the 8¾% interest rate it charged was permissible at the time of the loan despite the fact that it exceeded the maximum amount permitted under the laws of New York State for locally chartered banks (see National Bank Act, US Code, tit 12, § 85; *Marquette Nat. Bank of Minneapolis v First of Omaha Serv. Corp.*, 439 US 299). We do, however, agree with appellants' final contention that Special Term erred in awarding the plaintiff counsel fees in the amount of 15% of the sums due under the note. In view of the substantial attorneys' fee involved, it was incumbent upon Special Term to conduct a hearing in order to determine whether the provision regarding liquidated attorneys' fees was reasonable and, if found to be unreasonable, to determine and award such fees as may be reasonable (see *Federal Deposit Ins. Corp. v Hyer*, 66 AD2d 521, 530; see, also, *Equitable Lbr. Corp. v IPA Land Dev. Corp.*, 38 NY2d 516; *Federal Deposit Ins. Corp. v Kassel*, 72 AD2d 787; *Chemical Bank v Battaglia*, 63 AD2d 689; *Long Is. Trust Co. v Jones*, 56 AD2d 838; *Franklin Nat. Bank v Wall St. Commercial Corp.*, 21 AD2d 878; cf. *National Bank of Westchester v Pisani*, 58 AD2d 597; *General Lbr. Corp. v Landa*, 13 AD2d 804). Titone, J. P., O'Connor, Gulotta and Margett, JJ., concur.