This is an appeal by Food Service Distributors, Inc., from a summary judgment entered in favor of plaintiff, George W. Barber, Jr., in an action brought for breach of a lease. It presents a question of first impression in this jurisdiction.
On January 14, 1980, Food Service Distributors, Inc. (Food Service), entered into a lease with Britling Cafeteria Company, Inc., as part of an agreement to operate a commissary for Britling. That lease recognized an existing lease between Britling and appellee George W. Barber, Jr., and bound all parties to the terms of both:
 "SECTION 2. EXISTING LEASE: There is currently a lease, relative to the subject property, between George W. Barber, Jr. (as `Landlord') and Britling Cafeteria Co., Inc. (as `Tenant') which has a termination date of February 1, 2003. To the fullest extent applicable all parties to this Lease Agreement shall be bound thereby. A photocopy of said lease is attached hereto as Exhibit `A'."
The January 14, 1980, lease also contained the following termination provision:
"SECTION 6. TERMINATION AND/OR RENEWAL:
". . . .
 "(f) Notwithstanding anything herein to the contrary either party may terminate this lease after one (1) year upon giving to the other party written notice of termination at least one hundred eighty (180) days prior to the effective date of termination. . . ."
Food Service occupied the premises on or about January 14, 1980, and continued to occupy them until about February 3, 1981, when it received the following notice from Barber's representative:
 "Pursuant to the terms of your lease, we herewith give notice of termination as provided in Section 6 (f) which states that either party may terminate this lease after one (1) year upon giving to the other party written notice of termination, as [sic] least 180 days prior to the effective date of termination."
Food Service vacated the premises before the end of February 1981, and paid no rent after February. After sending notice to Food Service stating that the effective date of termination was not until August 1, 1981, and stating that Food Service was obligated under the lease until that time, Barber filed suit in circuit court on May 19, 1981. Thereafter, Barber took the deposition of Fred Richards, Food Service's president, on September 4, 1981, and, on October 29, 1981, filed a motion for summary judgment.
The motion was set before the presiding judge of the circuit court on "motion day" in accordance with Alabama Rules of Civil Procedure, Rule 78. The motion for summary judgment was overruled by the presiding judge without elaboration or indication of prejudice.
On January 11, 1982, Barber filed a certificate of readiness and had the case assigned to a trial judge for pretrial hearing. On June 4, 1982, Barber filed a second motion for summary judgment, which was heard before the assigned trial judge on *Page 1027 
June 15, 1982. At that time the motion was granted, and the following order was entered:
 "This case was submitted to the court on plaintiff's motion for summary judgment against the defendant, based upon the pleadings, Exhibit `A', a copy of the lease in question, Exhibit `B', the deposition of Fred M. Richards, President of defendant, Exhibit `C', the bill for changing locks on the said premises, and Exhibit `D', the tax notice for the period in question, defendant's motion in opposition to plaintiff's motion for summary judgment, and defendant's affidavit in opposition to motion for summary judgment, and the court having considered all of the foregoing, the court finds that said motion for summary judgment is due to be granted and from conference in chambers with the respective attorneys of record, that the amount in controversy is $19,129.38, plus attorney's fee; therefore, the court finds there is no genuine issue of material fact and that the plaintiff is entitled to a judgment against the defendant as a matter of law and there being no just reason for delay, the court hereby renders judgment in favor of the plaintiff and against the defendant in the sum of $19,129.38, plus an award for plaintiff's attorney of record, Honorable Dreyton N. James, an attorney fee in the sum of $1,500.00 for his representation of the plaintiff in this case. Costs taxed to the defendant."
After denial of its motion for new trial or, in the alternative, motion to set aside or vacate summary judgment, Food Service perfected this appeal. We affirm.
Appellant Food Service contends that the denial of Barber's motion for summary judgment in the first instance should have been the law of the case or res judicata as to any subsequently filed motion for summary judgment. We do not agree.
There can be no res judicata effect on the denial of summary judgment since, for res judicata to apply, there must have been a final judgment rendered on the merits of the case. RelianceIns. Co. v. Substation Products Corp., 404 So.2d 598 (Ala. 1981); Wheeler v. First Alabama Bank of Birmingham,364 So.2d 1190 (Ala. 1978). Denial of a motion for summary judgment is not a final judgment.
We recognize that, in some jurisdictions, denial of a motion for summary judgment becomes the law of the case, and bars rehearing of a subsequent motion for summary judgment unless new grounds are asserted or new proof offered. See, e.g.,Federal Deposit Ins. Corp. v. Park Lane Realty Associates,72 A.D.2d 788, 421 N.Y.S.2d 611 (1979); Fraser v. Doing,130 F.2d 617 (D.C. Cir. 1942). We are of the opinion, however, that Illinois provides the better rule; a court may reconsider its ruling on a motion for summary judgment and may correct an erroneous ruling at any time before final judgment. Roach v.Village of Winnetka, 366 Ill. 578, 10 N.E.2d 356 (1937).
This rule is eminently fairer, especially when considered in light of Alabama practice under Alabama Rules of Civil Procedure, Rule 78, providing for the hearing of motions on "motion day." Denial of a motion for summary judgment by the presiding judge, hearing the motion under Rule 78, amounts to a denial of a final determination on the existence vel non of a genuine issue of material fact, leaving that determination to the trial judge before whom the case is set for trial. The number of times a subsequent motion for summary judgment will be allowed rests within the sound discretion of the judge before whom the case is to be tried. Thus, the trial court did not abuse its discretion in the instant case by allowing the second motion.
That leaves for our determination the propriety of the trial court's granting of plaintiff's motion for summary judgment.
Appellant Food Service contends that there exists evidence that the termination provision of the subject lease is ambiguous and the pleadings and affidavits at the least present a jury question. We disagree. At the risk of repetition, we point out that that provision states: *Page 1028 
 "(f) Notwithstanding anything herein to the contrary either party may terminate this lease after one (1) year upon giving to the other party written notice of termination at least one hundred eighty (180) days prior to the effective date of termination. . . ."
The decision whether a contract provision is or is not ambiguous is a question of law for the trial court. Mass.Appraisal Services, Inc. v. Carmichael, 404 So.2d 666 (Ala. 1981). Food Service alleges that the ambiguity arises through its understanding of the termination provision. On the contrary, it is well settled that the words of a contract are to be given their ordinary meaning, and the intention of the parties is to be derived from the provisions of the contract itself. Sisco v. Empiregas, Inc. of Belle Mina, 286 Ala. 72,237 So.2d 463 (1970). If the court finds as a matter of law that a contract is unambiguous, then the construction and legal effect of that contract are a determination that may be appropriately made by summary judgment. Bible Baptist Church v.Stone, 55 Ala. App. 411, 316 So.2d 340 (1975).
Giving the words their ordinary meaning, we find that the lease termination provision is unambiguous as a matter of law; that upon either party's giving notice of termination to the other party, the effective date of termination is 180 days later; and that both parties remain obligated under the lease until the effective date of termination.
Having found no set of circumstances under which appellant may prevail and no genuine issue of material fact, we hold that the order of the trial court granting summary judgment in favor of the plaintiff is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.