MURDOCK, Justice
(dissenting).
As the main opinion correctly notes:
“ ‘[A] court may reconsider its ruling on a motion for summary judgment and may correct an erroneous ruling at any time before final judgment.... The number of times a subsequent motion for summary judgment will be allowed rests within the sound discretion of the judge before whom the case is to be tried.’ ” 147 So.3d at 420 (quoting Food Serv. Distribs., Inc. v. Barber, 429 So.2d 1025, 1027 (Ala.1983)). If, as explained in the main opinion, a second motion for a summary judgment is itself permissible, I see nothing in Rule 21, Ala. R.App. P., that disallows a petition for a writ of mandamus seeking this Court’s review of the trial court’s ruling on the permitted motion. On the contrary, the language of Rule 21 prescribes the procedures by which that petition may be pursued.
Furthermore, it is not as if we are concerned in this case with some transient matter, such as a discovery deadline or a trial setting, as to which the passage of time is likely to make a difference. Instead, we are dealing here with an immunity defense that will persist and that falls within the limited categories of cases in which we have determined that it is important to make pretrial mandamus review available when a trial court has denied a motion to dismiss or for a summary judgment in the face of such a defense.
For the foregoing reason, I would address the merits of the petition; I therefore dissent.