This is primarily a case involving the tort of bad faith.
The defendant insurer denied the plaintiff insureds' claim for alleged wind damage to their mobile home, and the plaintiffs filed suit in the Marshall County Circuit Court for breach of contract and bad faith refusal to pay the claim. A jury trial was conducted, at the conclusion of which the trial court directed a verdict for the defendant on the bad faith claim and sent the contract claim to the jury with instructions limiting the amount of damages it could assess.
The jury returned a verdict for the plaintiffs on the contract claim in the amount of $567.17 plus three years' interest of $102.00, a total of $669.17. Judgment was entered for the plaintiffs on the $669.17 verdict.
The plaintiffs appeal. We affirm.
The plaintiffs contend that the trial court erred in directing a verdict for the defendant on their bad faith claim. A directed verdict is proper only where there is a complete absence of proof on an issue material to the claim or where there are no disputed questions of fact on which reasonable people could differ. Continental Assurance Co. v. Kountz,461 So.2d 802 (Ala. 1984). Our review of the record indicates that the trial court did not err in refusing to send the plaintiffs' bad faith claim to the jury.
The plaintiff bears a heavy burden of proof in a bad faith case. Blue Cross and Blue Shield v. Granger, 461 So.2d 1320
(Ala. 1984); National Savings Life Insurance Co. v. Dutton,419 So.2d 1357 (Ala. 1982). Such plaintiff must show:
 "(a) an insurance contract between the parties and a breach thereof by the defendant;
 "(b) an intentional refusal to pay the insured's claim;
 "(c) the absence of any reasonably legitimate or arguable reason for that refusal (the absence of a debatable reason);
 "(d) the insurer's actual knowledge of the absence of any legitimate or arguable reason;
 "(e) if the intentional failure to determine the existence of a lawful basis is relied upon, the plaintiff must prove the insurer's intentional failure to determine whether there is a legitimate or arguable reason to refuse to pay the claim."
National Security Fire Casualty Co. v. Bowen, 417 So.2d 179,183 (Ala. 1982). See Granger, 461 So.2d at 1325; Kountz, 461 So.2d at 805. The bad faith plaintiff must show, not merely nonpayment of his claim, but nonpayment without any reasonable ground for dispute — bad faith nonpayment. Granger, 461 So.2d at 1325; Bowen, 417 So.2d at 183.
The plaintiffs' contract claim is an important part of their bad faith claim. The Alabama Supreme Court has held that in the "normal" bad faith case, for the plaintiff *Page 686 
to make out a prima facie case of bad faith to send to the jury, the proof offered must show that the plaintiff is entitled to a directed verdict on the contract claim and thus is entitled to recover on the contract claim as a matter of law. Dutton, 419 So.2d at 1362.
Our examination of the record shows that the plaintiffs would not have been entitled to a directed verdict on their contract claim. Certainly, a disputed question of fact existed of whether there was wind damage to the mobile home which was covered by the insurance policy.
The defendant's adjuster, who examined the mobile home for wind damage, testified that he saw no evidence of wind damage to the mobile home. Testimony by one of the plaintiffs tended to show, however, that the mobile home began leaking during a storm.
Because a disputed factual issue existed on the plaintiffs' contract claim, they were not entitled to a directed verdict on that claim, and the trial court correctly concluded in light of the Dutton rule that it should not send the bad faith claim to the jury.
The plaintiffs, however, would have this court conclude that this bad faith case is an extraordinary one and that it is therefore not covered by the Dutton directed verdict rule. The Alabama Supreme Court opined in the Kountz case that the "extraordinary" bad faith case is not covered by the directed verdict test. That court indicated that an "extraordinary" bad faith case is one in which the defendant insurer is able to put on a scintilla of evidence to defeat a directed verdict on the plaintiff's contract claim. Kountz, 461 So.2d at 807.
We find that this case is not an extraordinary one outside the application of the directed verdict test. A scintilla of evidence which defeats a directed verdict on the plaintiffs' contract claim was presented by the testimony of the adjuster, a witness called by the plaintiffs, not the defendant. Put another way, it was the evidence put on by the plaintiffs, not defendant, which would have prevented a directed verdict on the contract claim.
Even if the Dutton directed verdict rule does not apply in this case, however, it appears to this court that the plaintiffs have still not made out a prima facie case of bad faith. The plaintiffs claim that the investigation conducted by the adjuster was so poor that it amounted to an intentional failure by the defendant to determine the validity of their claim, an element of a bad faith claim. See Kountz, 461 So.2d at 807-08; Bowen, 417 So.2d at 183. We disagree.
The testimony presented at the trial indicates that after the plaintiffs filed a claim for wind damage to their mobile home, the insurer sent its adjuster to the mobile home to investigate. The adjuster was accompanied to the site by the local agent who sold the policy to the plaintiffs.
The adjuster testified that he and the agent spent thirty to forty-five minutes investigating the mobile home for wind damage and surveying the surrounding land for evidence of a storm or heavy wind. They took photographs and climbed on top of the mobile home to inspect the roof. The adjuster concluded that there was no evidence of wind damage to the mobile home or its roof, and the defendant denied the plaintiffs' claim.
While we do not find the investigation conducted in this case to be a paragon of thorough insurance investigative work, it is our opinion that such an investigation, even one that could be characterized as "sloppy," does not amount to an intentional failure by the defendant to determine the validity of the plaintiffs' claim.
Accordingly, the trial court did not err indirecting a verdict for the defendant on the bad faith claim.
The plaintiffs additionally contend on appeal that the trial court erred in instructing the jury that it could return a verdict on the contract claim for no more than $567.17 plus interest. Specifically, the plaintiffs argue that such an instruction invaded the province of the jury.
We agree with the plaintiffs' contention that the assessment of damages is left largely to the discretion of the jury in the first instance and to the discretion of the trial court on a motion for new trial. See Hickox v. Vester Morgan, Inc.,
 *Page 687 439 So.2d 95 (Ala. 1983). We do not agree, however, that the trial court under the circumstances of this case erred in the instruction it gave to the jury limiting the amount of damages it could assess to $567.17 plus interest.
The only evidence presented by the plaintiffs on the question of damages on their contract claim was the testimony of Phil Chastain, who is one of the plaintiffs and a roofer. Mr. Chastain testified that in his opinion $567.17 was a fair and reasonable estimate of what it would have cost to repair the mobile home roof.
Damages recoverable for breach of contract are generally those which result naturally and proximately from the breach, and they are awarded to place the injured party in the position he would have occupied had no breach occurred. Marshall DurbinFarms, Inc. v. Landers, 470 So.2d 1098 (Ala. 1985). Because the only evidence presented by the plaintiffs as to the amount of damages resulting from the defendant's allegedly wrongful refusal to pay their claim for damage to the mobile home was Mr. Chastain's testimony, we find no error in the trial court's instruction to the jury.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.