BRADLEY, Presiding Judge.
This is a contract termination case.
Appellant, Ken Hutchinson, was employed as a teacher by the appellee, South Montgomery Academy. The other facts pertinent to this appeal are aptly summarized by the trial court’s order:
“Mr. Hutchinson became aware of the school’s intent to dismiss him on December 18, 1986 during a conference with Reed Hughes, the school’s Headmaster. However, no written notice was given to the Plaintiff concerning the school’s intentions.
“The evidence further showed that on that evening, the school board met, and decided to terminate Mr. Hutchinson’s employment. However, as the testimony showed, there were not enough board members present at the meeting to constitute a quorum.
“On the next day, December 19, 1986, Mr. Hughes informed Mr. Hutchinson of the board’s decision concerning his termination, and told him that he was entitled to a hearing, but that in his opinion it would more than likely do no good.”
Mr. Hutchinson’s employment was then terminated, but he was not afforded a pre-dismissal hearing as provided for by his contract. Specifically, the contract provided:
“[T]he party of the first part [South Montgomery Academy] hereby reserves the right to annul this contract and to dismiss the party of the second part [Mr. Hutchinson]; for incompetency, insubordination, neglect of duty, immorality, justifiable decrease in the number of teaching positions, and other good and just cause, provided written notice of the intent to dismiss is given party of the second part by the party of the first part at least 10 days in advance of the contemplated action, and provided that party of the second part may, if desired, claim the privilege of hearing before the party of the first part before final action is taken, and provided further, however, that if, in the unanimous opinion of the board and of the member of the employing board, the cause of cancellation of any such contract justifies, a teacher may be suspended immediately.”
Following his dismissal without hearing, Mr. Hutchinson filed his complaint against South Montgomery Academy alleging breach of contract and requesting money damages.
The case proceeded to trial, and the court ordered that Mr. Hutchinson be afforded the termination hearing as provided in his contract.
Mr. Hutchinson appeals, asserting that the court erred in ordering that the hearing be held instead of awarding him money damages totaling the balance of his salary for the school year. Mr. Hutchinson does not maintain that the termination itself was wrongful, only that the court erred in requiring South Montgomery Academy to follow the contractual termination procedure rather than awarding him his salary for the remainder of the year.
Damages recovered for breach of contract are those which flow naturally and proximately from the breach, and their purpose is to put the injured party in the position he would have been in absent the breach. Chastain v. Baldwin Mutual Insurance Co., 495 So.2d 684 (Ala.Civ.App.1986). Thus, we ask: Did any loss result from Mr. Hutchinson’s denial of the termination procedure as provided by his contract?
Although we failed to find any Alabama cases involving the question whether damages should be awarded for the denial of contractual procedural rights, we did locate a similar case in which the Supreme Court considered whether students suspended without procedural due process would be entitled to recover damages caused by their suspension, if it was shown their suspension would have occurred even if proper procedure were followed. Carey v. Piphus, 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978). In that case the court determined that the students could not recover damages unless they could prove that their loss was due to the procedural defect rather than the suspension; otherwise they were entitled only to *191 nominal damages of not more than one dollar. Carey.
Expanding on this premise, the United States Court of Appeals for the Eleventh Circuit in the case of County of Monroe, Florida v. United States Department of Labor, 690 F.2d 1359 (11th Cir.1982), wherein a CETA employee was awarded back pay for the deprivation of procedural due process even though his termination was proper, said:
“It is unclear to us how a complainant who was properly discharged in a procedurally imperfect way is made whole by the payment of a year’s wages for which he did not work. There is little logical correlation between the award and the loss. The payment of back pay here would be a windfall, not a make-whole compensation....
[[Image here]]
“For a party to recover more than nominal damages for a deprivation of procedural due process, he must show actual compensable injury. The injury caused by justified termination is not compensable in the form of back pay.”
County of Monroe, Florida v. United States Department of Labor, 690 F.2d 1359 (11th Cir.1982) (citations omitted).
Analogizing the rules of the two cited federal cases to the facts in the case at bar, Mr. Hutchinson, to receive compensatory damages, must show that his loss flowed from the imperfect termination procedure —not the termination. This he did not do.
In fact, in the case at bar Mr. Hutchinson did not contest his termination; he only questioned the termination procedure provided by his contract. If he were compensated with salary for a procedurally imperfect dismissal, when that imperfection was corrected and the termination upheld, he would not be receiving damages flowing from the breach of the contract. Instead, as the court in County of Monroe stated, Mr. Hutchinson would be receiving a windfall. See also, Curacare, Inc. v. Pollack, 501 So.2d 470 (Ala.Civ.App.1986). Such a result is legally improper.
As noted by the court in the County of Monroe case, an employee properly terminated in an improper way is not entitled to compensatory damages. Mr. Hutchinson’s only damages request was in the nature of compensatory damages.
Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.