HOUSTON, Justice.
The plaintiff, Louise Cannon, appeals from a summary judgment for the defendants, Jefferson County Committee for Economic Opportunity (“JCCEO”); Charles Henry, JCCEO’s executive director; and Roberta S. Hampton, JCCEO’s project director, in this action seeking damages for breach of an employment contract. We affirm in part, reverse in part, and remand.
Cannon, a 60-year-old outreach worker who had been employed by JCCEO for 19 years, was discharged from her employment by Hampton, with Henry’s approval, on the ground of insubordination, after she failed to appear for a new work assignment. This severe adverse personnel action was taken after Cannon had contacted Hampton, accepted the new assignment, and explained that she would be unable to report to the new work site at the time specified because her automobile was in such poor condition that it could not make the approximately 40-mile round trip from her house to the new work site. Cannon testified that, within 48 hours of receiving her termination notice, she telephoned Deborah Clark, chairperson of JCCEO’s personnel committee, to inquire about appealing her discharge. Under the terms of JCCEO’s “Policies and Procedures” manual, copies of which had been issued to JCCEO employees, Cannon had the right to appeal to JCCEO’s personnel committee within 10 days. That manual also provided that Cannon had the right to a hearing and to representation at that hearing. The manual states that “[t]he Chairperson will assure that the JCCEO Personnel Committee establishes a hearing.” Cannon further testified that Clark told her that the personnel committee was not functioning. Clark testified that Cannon never contacted her. Cannon also testified that she wrote a letter to Henry, complaining of her discharge. Eventually Cannon filed this action and sought a trial by jury.
Initially, we point out that JCCEO does not take the position that the “Policies and *34 Procedures” manual issued to Cannon did not constitute an employment contract under Hoffman-La Roche, Inc. v. Campbell, 512 So.2d 725 (Ala.1987), and its progeny. Instead, relying on Hutchinson v. South Montgomery Academy, 535 So.2d 189 (Ala.Civ.App.1988), JCCEO argues that the only remedy available to Cannon was an order by the trial court requiring JCCEO to afford Cannon a hearing, and that Cannon’s damages claim was, therefore, precluded. JCCEO argues, in the alternative, that the summary judgment was proper because Cannon failed to give written notice to Clark of her intention to appeal her discharge to the personnel committee.
Cannon contends that, pursuant to the “Policies and Procedures” manual, she had a contract with JCCEO that prohibited her discharge unless she was guilty of one of the violations enumerated therein, such as insubordination,[1] and unless certain procedural requirements were met, including the requirement that her discharge be reviewed by JCCEO’s personnel committee, if such a review was requested. Cannon argues that the summary judgment was improper because, she says, the record does not support a judgment for JCCEO as a matter of law. We agree.
The summary judgment was proper in this case if there was no genuine issue of material fact and the defendants were entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P. The burden was on the defendants to make a prima facie showing that no genuine issue of material fact existed and that they were entitled to a judgment as a matter of law. If that showing was made, then the burden shifted to Cannon to present evidence creating a genuine issue of material fact, so as to avoid the entry of a judgment against her. In determining whether there was a genuine issue of material fact, we must view the evidence in the light most favorable to Cannon and must resolve all reasonable doubts against the defendants. Knight v. Alabama Power Co., 580 So.2d 576 (Ala.1991). Because this case was not pending on June 11, 1987, the applicable standard of review is the “substantial evidence rule.” Ala. Code 1975, § 12-21-12.
The evidence in the present case shows that the “Policies and Procedures” manual issued by JCCEO to Cannon governed the manner in which JCCEO employees were to be discharged. The manual provided, among other things, a procedure for the appeal of adverse personnel actions, such as a discharge for insubordination, to JCCEO’s personnel committee. Under this procedure, Cannon had the right to a hearing before the personnel committee, with representation. Cannon also had the right to appeal an adverse determination by the personnel committee to JCCEO’s board of directors. The testimony of Cannon and Clark created a factual dispute as to whether JCCEO complied with the manual’s requirements, i.e., as to whether Clark, as chairperson of the personnel committee, who was charged with the responsibility of assuring Cannon an opportunity for a hearing, told Cannon that the personnel committee was not hearing employees’ appeals and, if Clark misrepresented the personnel committee’s status, whether Cannon was damaged thereby. It is well established that damages recoverable for breach of contract are those flowing naturally and proximately from the breach, and that their purpose is to put the injured party in the position the injured party would have been in absent the breach. Aldridge v. Dolbeer, 567 So.2d 1267 (Ala.1990). Unlike the plaintiff in Hutchinson, the primary case relied on by the defendants, Cannon alleged in her complaint that she was not guilty of insubordination. The gravamen of Cannon’s claim is that JCCEO denied her a contractual right to have her discharge reconsidered by the personnel committee and that that denial prevented her from regaining her position. Thus, unlike the plaintiff’s claim in Hutchinson, Cannon’s damages claim is based on allegations that *35 her discharge was itself improper and that JCCEO denied her a contractual right to prove that to the personnel committee. Because the central issue here is whether Cannon was properly discharged in a proper manner, this case is materially distinguishable from Hutchinson. Accordingly, we conclude that JCCEO was not entitled to a judgment as a matter of law and, therefore, that the summary judgment for JCCEO was improper.
Because the record clearly shows that Cannon’s claim is based on allegations that she had an employment contract with JCCEO and on allegations that she is entitled to recover damages for the breach of that contract, the summary judgment for Hampton and Henry was proper. Neither of these defendants had a contract with Cannon.
For the foregoing reasons, the summary judgment is affirmed as to Hampton and Henry; however, it is reversed as to JCCEO; and the case is remanded for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
HORNSBY, C.J., and MADDOX, SHORES and KENNEDY, JJ., concur.

. The manual defines "insubordination" as follows:
"Failure to follow an order: disobedience— failure to submit to authority by demeanor or words, with the one exception of not following an order which the employee has good reason to believe is unsafe or illegal.”