RICHARD L. HOLMES, Retired Appellate Judge.
This is a breach of contract case.
In November 1989 Brasfield & Gorrie, Inc. (Brasfield & Gorrie), and United States Fidelity and Guaranty Company (USF & G) filed a complaint for declaratory judgment against Valley Steel Construction, Inc. (Valley Steel). The complaint sought to obtain a declaratory judgment that Valley Steel had breached its contract with Brasfield & Gome and was liable for the damages resulting from the breach.
Both sides filed motions for summary judgment. In May 1990 the trial court issued an order, denying the motion for summary judgment filed by Valley Steel. The order also entered a partial summary judgment in favor of Brasfield & Gorrie and USF & G on the issue of liability. The trial court determined that Valley Steel breached its agreement with Brasfield & Gorrie when it failed to have Brasfield & Gorrie added as an additional insured under the insurance policies which were to be provided and paid for by Valley Steel. The trial court retained jurisdiction for subsequent proceedings to prove damages for the breach.
Following a subsequent hearing on the issue of damages, the trial court entered a judgment in February 1994 in favor of Bras-field & Gorrie and USF & G in the amount of $49,513.65.
Valley Steel appeals. This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6).
The dispositive issue is whether the damages awarded by the trial court in this case were a natural and proximate result of Valley Steel’s breach of its contract with Brasfield & Gorrie.
It is well settled that damages recoverable for a breach of contract are generally those which result naturally and proximately from the breach and are awarded to place the injured party in the position he would have occupied had no breach occurred. Chastain v. Baldwin Mutual Insurance Co., 495 So.2d 684 (Ala.Civ.App.1986).
Our review of the record reveals the following pertinent facts: Brasfield & Gorrie was the general contractor for a construction project at the water treatment plant owned by the City of Decatur. In February 1987 *107 Brasfield & Gorrie and Valley Steel entered into a contract, wherein Valley Steel agreed to furnish certain equipment and labor for the erection of structural steel work at the water treatment plant.
Article 12 of the contract between Bras-field & Gorrie and Valley Steel contained the provisions regarding the issue of insurance. The pertinent provisions are as follows:
“12.1 Before commencing the Work, [Valley Steel] shall provide and pay for insurance coverages not less than those specified in Schedule D attached hereto from companies acceptable to [Brasfield & Gorrie].
“12.6 [Valley Steel] shall cause [Bras-field & Gorrie] ... to be named as additional insureds under the policies required by the Subcontract.”
(Emphasis added.)
Schedule D, which was attached to the contract between Brasfield & Gorrie and Valley Steel, contained the following pertinent provisions:
“1. Required Coverage
“Commercial or Comprehensive General Liability Form. (Advise if coverage is provided on a ‘claims made’ basis.)
“a. General Liability
“To include:
“Premises/Operations
“Underground, Explosions and Collapse (if exposure exists)
“Products/Completed Operations
“ ’"Contractual
“ ^Independent Contractors
“ ’"Broad Form Property Damage
“ ’"Personal Injury
“ *or provide the Broad Form Comprehensive General Liability Endorsement
“c. Excess Liability — Umbrella Form (Advise if ‘claims made’ form.)
“[Valley Steel] shall cause [Brasfield & Gorrie] ... to be named as additional insureds under the policies required by this Subcontract.”
In September 1987 Valley Steel was engaged in the performance of the work required under its contract with Brasfield & Gorrie. Leroy C. Jones, who was injured at the worksite, was an employee of Valley Steel. Jones filed suit against Brasfield & Gorrie (hereinafter referred to as the Jones suit) for damages arising out of the alleged negligence of Brasfield & Gorrie concerning the discharge of its duties at the water treatment plant.
After the Jones suit was filed, Brasfield & Gorrie requested that Valley Steel and its insurance carrier defend the Jones suit. Valley Steel refused to do so. However, Bras-field & Gorrie had a general liability policy with USF & G, and USF & G successfully defended the Jones suit on behalf of Bras-field & Gorrie.
The Jones suit resulted in a summary judgment in favor of Brasfield. & Gorrie, which was ultimately affirmed on appeal by our supreme court. In its defense of Bras-field & Gorrie in the Jones suit, USF & G incurred litigation expenses of $49,513.65. These expenses were charged to, and paid by, Brasfield & Gorrie under the terms of the contract between Brasfield & Gorrie and USF & G. This payment was in the form of a retroactive premium.
Valley Steel admits that it breached its contract with Brasfield & Gorrie when it failed to have Brasfield & Gorrie named as an additional insured on the insurance policies which Valley Steel was to provide and pay for under the terms of the contract. However, Valley Steel argues that Brasfield & Gorrie did not incur any damages due to its breach of the contract between the two parties. The basis of this argument is Valley Steel’s contention that the cost of the defense of the Jones suit would not have been covered under the terms of the policy (which contained an “other insurance” provision) provided and paid for by Valley Steel unless and until Brasfield & Gorrie exhausted the coverage under its own policy with USF & G. Basically, Valley Steel argues that it owes no damages to Brasfield & Gorrie because the policy which Valley Steel obtained would have been, by its terms, excess coverage for *108 Brasfield & Gorrie, even if Brasfield & Gor-rie had been added as an additional insured.
However, one must look to the terms of the contract which was breached. Under the terms of the contract between Brasfield & Gorrie and Valley Steel, Valley Steel was to “provide and pay for” insurance policies which furnished comprehensive general liability coverages (primary and umbrella), and it was to add Brasfield & Gorrie as an additional insured under these policies.
Clearly, if Valley Steel failed to “provide and pay for” the insurance coverages required by its contract with Brasfield & Gor-rie, then, in the event of a lawsuit, Brasfield & Gorrie and/or its insurance company would incur the expense of defending the lawsuit. The cost of defending the Jones suit was a natural and normal consequence of this breach by Valley Steel.
Stated another way, after reviewing the terms of the contract between Brasfield & Gorrie and Valley Steel, this court cannot readily discern why Valley Steel is making the “excess coverage” argument. Hence, we find no reversible error in the trial court’s determination of the amount of Valley Steel’s liability to Brasfield & Gorrie.
The judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.