Fred Hobson appeals from a summary judgment in favor of the defendant, American Cast Iron Pipe Company (ACIPCO). Hobson also attempts to appeal the trial court's denial of his motion for summary judgment. We affirm.
 I. Facts
Hobson was an employee of ACIPCO from September 1975 until August 1994. His job as a tandum truck operator was classified as a "safety critical job" or a "safety sensitive job." He, therefore, fell within ACIPCO's substance abuse screening policy. In August 1994, Mr. Hobson was terminated when his drug test returned positive for Butalbitol, a controlled substance classified as a barbiturate, in violation of ACIPCO's corporate Rule 15. Corporate Rule 15 prohibits reporting to work with a blood alcohol level equal to or higher than .05% or with drug levels in urine equal to or higher than certain levels allowed for particular drugs. This was Hobson's second violation of Rule 15. The first violation had occurred in January 1993, when he tested positive for alcohol in a drug screening following a workplace incident. Corporate policy requires the termination of any employee upon a second violation of Rule 15.
Hobson appealed his termination by means of a Peer Review Panel (Panel), an internal grievance procedure. According to a document announcing ACIPCO's "Peer Review Policy," the Panel could review management's actions only to ensure that corporate policy and procedure are followed; it could not change corporate policy. When the Peer Review Policy was adopted, the "joint boards" that managed ACIPCO agreed that decisions of the Peer Review Panel could be overturned by a joint decision of the Board of Operatives, which represents employee interests, and the Board of Management, which represents management concerns. The joint *Page 343 
boards agreed to retain a privilege of veto over the Panel, with the understanding that without a veto the Panel's decisions would otherwise be "final and binding." However, the employees' representatives on the Board of Operatives told employees that the decisions of the Panel would be "final and binding," without explaining the veto power of the joint board.
Hobson's Panel met and determined that the cutoff level for Rule 15 was too low for the substance for which Hobson tested positive. As a result of this determination, the Panel decided that Hobson should be reinstated with back pay, provided, however, that he passed another drug test. Hobson passed the second drug test, but it revealed that he did have some level of alcohol in his system. Management notified the Panel that its decision would be overturned because, management said, the Panel had acted outside the scope of its powers. Management asserted that the Panel's decision was an unauthorized attempt to change corporate policy. Management told the Panel that the authorized purpose of the Panel was to review management's actions. Acting on this information, Hobson's Panel reconsidered its ruling and decided that it did not have enough information to render a decision. It requested that another panel, constituted differently, consider the matter. Hobson refused to call for a second panel.
Hobson then sued ACIPCO, alleging breach of contract and seeking reinstatement, back pay, damages for mental anguish, and punitive damages. Both parties moved for a summary judgment at the conclusion of discovery. Hobson based his motion on the argument that the Panel's decision was, in effect, final and binding arbitration; ACIPCO based its motion on its assertion that Hobson was an at-will employee and could be terminated at any time for any reason. Both summary judgment motions were denied. ACIPCO filed a second motion for summary judgment, after the trial judge expressed concern over the timing of some language that was added to the employee handbook and over the handbook's relation to Hobson's alleged at-will status. This second motion for summary judgment was denied. ACIPCO filed a third motion for summary judgment related to the issue of damages. The trial court held that neither punitive damages nor damages for mental anguish were available on a breach of contract claim and that public policy precluded reinstatement and back pay based on a discharge arising from an employee's positive result on a workplace drug test. Thus, the trial court granted the motion and entered a summary judgment for ACIPCO on all claims.
 II. Status of Peer Review Panel
Hobson argues that the summary judgment was improper because, he says, the trial court failed to recognize that the Panel members were acting as a group of arbitrators and that their decision was therefore entitled to substantial deference. To give an arbitration ruling "substantial deference" would require that it be upheld despite factual or legal error, provided that there is no serious error and that the arbitrator applied the contract and acted within the arbitrator's scope of authority. United Paperworkers International Union v. Misco,484 U.S. 29, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987). First, we note that Hobson provides no support for his argument that the Panel was in effect a form of arbitration, but merely offers the conclusory statement that this internal grievance procedure was arbitration. This Court has previously held that an internal grievance procedure is not arbitration. Carter v.Board of Trustees, 431 So.2d 529 (Ala. 1983) (holding that an internal grievance committee's power to hear wrongful termination claims did not transform the committee's proceeding into a form of arbitration); City of Bessemer v. Personnel Bd.of Jefferson County, 420 So.2d 6 (Ala. 1982) (holding that the procedure of an internal committee that could render binding decisions did not constitute arbitration, but was merely a means of grievance resolution). Therefore, we reject Hobson's contentions that the ACIPCO Panel proceeding was a form of arbitration. Second, even if we considered the Panel's decision to be a form of arbitration, we would conclude that it is not entitled to substantial deference, because the evidence shows that the Panel went beyond the scope of its authority by finding that the *Page 344 
acceptable level for the drug for which Hobson tested positive was too low.
 III. Hobson's Claims for Damages for Emotional Distress and for Punitive Damages
In reviewing the disposition of a motion for summary judgment, "we utilize the same standard as the trial court in determining whether the evidence before [it] made out a genuine issue of material fact," Bussey v. John Deere Co.,531 So.2d 860, 862 (Ala. 1988), and whether the movant was "entitled to a judgment as a matter of law." Wright v. Wright 654 So.2d 542
(Ala. 1995); Rule 56(c), Ala.R.Civ.P. When the movant makes a prima facie showing that there is no genuine issue of material fact, the burden shifts to the nonmovant to present substantial evidence creating such an issue. Bass v. South-Trust Bank ofBaldwin County, 538 So.2d 794, 797-98 (Ala. 1989). Evidence is "substantial" if it is of "such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." Wright, 654 So.2d at 543 (quoting West v. FoundersLife Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989)). Our review is further subject to the caveat that this Court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Wilma Corp. v. Fleming Foods of Alabama, Inc.613 So.2d 359 (Ala. 1993); Hanners v. Balfour Guthrie, Inc.,564 So.2d 412, 413 (Ala. 1990). Hobson presented no genuine issue of material fact as to these two claims for damages. ACIPCO was entitled to a judgment as a matter of law on those claims.
In his complaint, Hobson requests damages for emotional distress and requests punitive damages, both based on the alleged breach of the peer review contract between him and ACIPCO. Hobson contends that by attempting to overrule the Panel and by requesting that the Panel reconsider its decision, ACIPCO breached the peer review contract, which stated that all decisions of the Peer Review Panel are "final and binding." It is a well-settled principle of law that damages for a breach of contract are the amount of the loss suffered by a party harmed by the breach. Corson v. Universal Door Systems, Inc.,596 So.2d 565 (Ala. 1991); James S. Kemper Co. Southeast, Inc. v.Cox Assocs., Inc., 434 So.2d 1380 (Ala. 1983). Moreover, this court has stated that contract damages are limited to those flowing naturally and proximately from the breach and that their purpose is to put the injured party in the position he should have been in but for the breach. Cannon v. JeffersonCounty Comm. for Economic Opportunity, Inc., 599 So.2d 32 (Ala. 1992). Therefore, neither damages for emotional distress nor punitive damages are appropriate.
Hobson argues that damages for emotional distress and punitive damages should be awarded to him notwithstanding our general rules. This Court has not recognized claims for emotional distress in an employment case. In fact, it has stated: "[N]o recovery has ever been allowed for mental distress arising from the wrongful discharge of an employee in breach of an employment contract." Southern Medical HealthSystems, Inc. v. Vaughn, 669 So.2d 98 (Ala. 1995). We conclude that our law would preclude Hobson from any recovery for emotional distress on a claim of wrongful termination.
Hobson also contends that punitive damages are proper — not because of a breach of contract by itself, but because of a combined breach of contract and fraud. This Court upheld an award of punitive damages in a situation where fraud or duress was coupled with breach of a contract. See Hines v. RiversideChevrolet-Olds, Inc., 655 So.2d 909 (Ala. 1994). Hobson argues that ACIPCO fraudulently induced employees to submit controversies to a Peer Review Panel and thereby give up their right to pursue lawsuits in a judicial forum. Hobson contends that ACIPCO's Peer Review Panel was fraudulent because, he says, ACIPCO had no intention of treating panel decisions as "final and binding," and yet, he says the Board of Operatives represented to ACIPCO employees that such decisions were "final and binding." Hobson also asserts that ACIPCO engaged in fraud by pressuring panelists to reconsider their decision. The record does not reveal substantial evidence that ACIPCO *Page 345 
knowingly, through misrepresentations, induced Hobson to submit his improper termination claim to the Panel or that ACIPCO fraudulently pressured the Panel to perform its duties or to perform them improperly. In addition, Rule 9(b), Ala. R. Civ. P., requires that a party pleading fraud plead it with particularity. Hobson did not do so in his complaint. Therefore, punitive damages are not appropriate in this case, because the breach of contract claim is not coupled with a legitimate fraud claim. Consequently, neither damages for emotional distress nor punitive damages were appropriate. The trial court's summary judgment, to the extent that it held that such damages were not recoverable in this situation, is affirmed.
 IV. Hobson's Claims for Reinstatement and Back Pay
In the summary judgment, the trial court also denied Hobson's remaining claims for reinstatement and back pay, based on the recent decision of Exxon Corp. v. Baton Rouge Oil ChemicalWorkers Union, 77 F.3d 850 (5th Cir. 1996). The Exxon court held that it is against Louisiana public policy to allow reinstatement or back pay where a "safety sensitive employee" is discharged because of positive drug tests in the workplace. In Exxon a labor contract required that all claims be submitted to binding arbitration. Despite the binding arbitration requirement, that court held that Louisiana public policy prohibited awarding reinstatement and back pay to someone who had tested positive for drugs. Similarly, this case involves the discharge of a "safety sensitive" employee who tested positive for a controlled substance at the workplace and a third-party review of that termination decision. The facts in this case are less extreme than the situation with which theExxon court was faced, because ACIPCO had no policy requiring that Hobson's termination be submitted to a peer review panel and because the panel's decision was not binding arbitration. Nonetheless, we find the conclusion in Exxon persuasive. We hold that Alabama public policy precludes awarding reinstatement and back pay to a "safety sensitive" employee who is discharged for testing positive for a controlled substance in the workplace. Therefore, Hobson is not entitled to reinstatement or back pay. The summary judgment was proper to the extent that it held that public policy precluded the claims for reinstatement and back pay. We note that considerations of public policy might also have barred Hobson's claim for punitive damages or his claim for damages for emotional distress. However, because the trial court's holding as to those two claims was not based on public policy, we need not address that issue at this time.
 V. ACIPCO's Claim that Hobson Was an At-Will Employee
Finally, ACIPCO defends its summary judgment with an argument that Hobson was an at-will employee, based on the ruling of the United States District Court for the Northern District of Alabama in Lewis v. American Cast Iron Pipe Co., CV-92-H-2107-N (N.D.Ala., Sept. 10, 1993) (unpublished) (holding that a 1981 amendment to the ACIPCO employee handbook had made ACIPCO employees at-will employees). Hobson asserts, to the contrary, that because the codicil to the will of Mr. John Eagan mandates that ACIPCO shall operate in accordance with the "Golden Rule" in its relations with its employees, he is not an at-will employee. It is unnecessary for us to address whether Hobson was an at-will employee, because we affirm the summary judgment for the reasons discussed in Parts III and IV of this opinion.
 VI. Conclusion
The trial court properly entered the summary judgment in favor of ACIPCO.
AFFIRMED.
MADDOX, SHORES, and HOUSTON, JJ., concur.
KENNEDY and COOK, JJ., concur in the result.