775 So.2d 194 (2000)
SOUTHERN UNITED FIRE INSURANCE COMPANY
v.
David PIERCE.
1990443.
Supreme Court of Alabama.
July 21, 2000.
*195 Anthony M. Hoffman of Zeiman, Speegle, Jackson & Hoffman, L.L.C., Mobile, for appellant.
Edward Massey of Clay, Massey & Associates, P.C., Mobile, for appellee.
HOOPER, Chief Justice.
David Pierce purchased an automobile insurance policy from Southern United Fire Insurance Company ("Southern United") in September 1998. In December 1998, Pierce wrecked his car and filed a claim. Southern United denied coverage. Pierce sued, claiming breach of contract and bad-faith refusal to pay the claim. Southern United appeals from the denial of its motion to compel arbitration of the claims. We reverse and remand.
The policy issued to Pierce in September 1998 contains the following arbitration provision:
"ArbitrationAny and all disputes, disputed claims and controversies of any nature whatsoever between any insured and Southern United Fire Insurance Company, its agents (or persons or entities alleged to be its agents), employees, representatives, and/or officers, whether such disputes, demands, claims or controversies are based upon, relate to or arise out of this Policy (or the issuance or events leading up to the issuance of this Policy), any disputed claims submitted under this Policy, or to any event, statement, act, omission or condition which occurred or failed to occur prior to the issuance of this Policy or which occurs or fails to occur contemporaneously with the issuance of this Policy or which occurs or fails to occur at any time after this Policy is issued, will be submitted to binding arbitration. In addition, all questions, disputes and controversies of any nature whatsoever related to the enforceability, validity, scope or interpretation of this Policy or this arbitration clause shall be resolved by binding arbitration. Arbitration of all matters subject to this agreement shall be before a panel of three arbitrators, one of which will be chosen by each party with a third being chosen by the two arbitrators selected by the parties. None of the arbitrators shall have a family or employment relationship with either of the parties or either of the other arbitrators. Each party will pay the fee of its own arbitrator and the fee of the third arbitrator will be split evenly by the parties. Unless the parties agree otherwise, any arbitration proceeding conducted pursuant to this agreement shall be conducted in Mobile, Alabama. Any arbitration proceeding conducted pursuant to this contract shall be conducted pursuant to the rules and procedures selected by the panel of arbitrators, with the following limitations:
"a. In no case shall the arbitrators order or permit any party to obtain from any other party documents, testimony or any other evidence relating in any way to a transaction other than the specific transaction out of which the controversy between the parties which is the subject of the arbitration proceeding arises;
"b. The opinion of a majority of the arbitrators in any arbitration proceeding held pursuant to this agreement shall constitute a final and binding decision of the panel;
"c. The arbitrators shall not be required to render a written or oral explanation of their decision but shall provide written notice of the panel's decision to the parties by certified mail; and
"d. The parties to the arbitration shall be bound by any state or federal statute of limitations which would otherwise be applicable to any claim, demand, dispute or controversy which is *196 the subject of any arbitration proceeding hereunder.
"The invalidity or unenforceabiliy of any part, term or portion of this arbitration agreement shall not invalidate or effect [sic] the remainder of this arbitration agreement or this Policy and the valid remainder of each shall remain in full force and effect."
Although the trial court gave no reason for denying Southern United's motion, it is clear that the trial court relied on our holding in Southern United Fire Insurance Co. v. Knight, 736 So.2d 582 (Ala. 1999). In Knight, this Court held that the particular insurance transaction may, as one of several transactions, affect interstate commerce merely by providing the company with sufficient funds to issue other policies that individually involve interstate commerce. We declined to say that such a connection was sufficient to invoke the FAA because in Knight the record before us contained no evidence indicating that the particular transaction affected interstate commerce aside from evidence that the policy's coverage territory extended outside Alabama. Southern United had the burden to show that the transaction involved interstate commerce. There was not sufficient evidence to support Southern United's position; therefore, this Court affirmed the trial court's order denying arbitration.
In this case, Southern United, seeking to comply with our holding in Knight, presented an affidavit with its motion to compel arbitration. The affidavit was given by Robert Heffner, Jr., an employee of Southern United who had personal knowledge of the matters presented in the affidavit. This affidavit shows not that Pierce's transaction is simply "one of many such transactions that help fund Southern United's business, thus enabling it to issue other policies that substantially affect interstate commerce," but that the issuance of this policy alone substantially affects interstate commerce. 736 So.2d at 586. Heffner avers that Pierce's transaction directly affects interstate commerce.
First, Southern United is not merely an Alabama company; it is a multistate business, with offices in Georgia, Mississippi, Louisiana, and Texas, and its parent company is an Illinois corporation. Second, Southern United pooled the premiums it obtained from Pierce with other premiums, not for the purpose of funding the company, but for the purpose of paying claims not only in this state but in other states. Third, the sale of each policy in Alabama is affected by the number of policies Southern United sells in other states. Finally, with respect to the policies sold in this state, more than 50% of the premium is "ceded to out-of-state reinsurers." Out-of-state reinsurers, likewise, substantially fund claims paid within this state. The evidence presented by Southern United in support of its motion to compel arbitration was undisputed.
The only evidence Pierce presented in reply was the affidavit of his mother. This affidavit stated that all transactions in connection with the sale of the insurance took place in Mobile County. She further stated that the policy related to Pierce's personal use of the car and not any commercial use.
This case is distinguishable from Knight, in that here Southern United presented evidence to support its assertion that this individual transaction affects interstate commerce. The trial court erred in denying Southern United's motion. We reverse and remand for proceedings consistent with this opinion.
REVERSED AND REMANDED.
MADDOX, SEE, LYONS, and BROWN, JJ., concur.
HOUSTON, COOK, JOHNSTONE, and ENGLAND, JJ., dissent.
HOUSTON, Justice (dissenting).
I agree that Southern United Fire Insurance Company established a sufficient *197 interstate-commerce connection to invoke the FAA. However, we can affirm the trial court's order if it is supported on any valid legal ground. Smith v. Equifax Servs., Inc., 537 So.2d 463 (Ala.1988). Therefore, I would affirm for the reasons stated in my dissent in American Bankers Insurance Co. of Florida v. Crawford, 757 So.2d 1125 (Ala.1999). I continue to adhere to the view stated therein that "[b]ecause [Ala. Code 1975,] § 27-14-22, an `insurance-specific' statute, has within it the § 8-1-41(3) prohibition on the specific performance of arbitration agreements, § 27-14-22 itself provides everything required by the McCarran Ferguson Act to `reverse-preempt' the FAA." 757 So.2d at 1138. I will adhere to this position until all the Justices elected or appointed to this Court have addressed the issue.
COOK and ENGLAND, JJ., concur.