This Court granted the motion of Southern United Fire Insurance Company ("Southern United") to consolidate these appeals from orders denying its motions to compel arbitration of claims arising from three automobile insurance policies issued by Southern United in three separate cases:Southern United Fire Insurance Co. v. Purma (1982188); Southern UnitedFire Insurance Co. v. Preyer (1982229); and Southern United FireInsurance Co. v. Knight (1990081) ("Knight II"). In each case, the trial court denied Southern United's motion to compel arbitration of the plaintiff's claims.
These cases are factually similar to each other and to our recent case of Southern United Fire Insurance Co. v. Pierce, 775 So.2d 194
(Ala. 2000). Pierce held that the affidavit submitted by Southern United was sufficient to prove that its issuance of an automobile insurance policy to the plaintiff substantially affected interstate commerce and thereby warranted application of the Federal Arbitration Act for the enforcement of arbitration provisions in the policy upon the motion of Southern United. In each of these consolidated cases, Southern United submitted in support of its motion to compel arbitration an affidavitidentical to the one submitted in Pierce in all respects except the date and the identities of the affiant and the notary public. *Page 1094 
The dispositive issue in the consolidated appeals of Purma and Preyer, as it was in Pierce, is whether the affidavit submitted by Southern United in each case is sufficient to prove that its issuance of the policy to the plaintiff substantially affected interstate commerce and thereby warranted application of the Federal Arbitration Act for the enforcement of the arbitration provisions contained in the polices. Therefore, following Pierce, we must reverse the orders of the trial court denying Southern United's motion to compel arbitration in Purma andPreyer.
Another claim argued by the plaintiffs in Purma and Preyer is that the McCarran-Ferguson Act, 15 U.S.C. § 1011-1012, reverse-preempts application of the Federal Arbitration Act (FAA), 9 U.S.C. § 1 et seq., to policies of insurance. This Court has, however, rejected this argument. American Bankers Ins. Co. of Florida v. Crawford, 757 So.2d 1125
(Ala. 1999), and Ex parte Foster, 758 So.2d 516 (Ala. 1999).
The Knight II case included in these consolidated appeals, however, is distinguishable in its procedural history from Pierce, Purma, andPreyer. The distinguishing feature of Knight II is that, before the trial court entered the denial of the motion of Southern United to compel Knight to arbitrate presently before us for review, the issue of the applicability of the FAA to the contract between Southern United and Knight had already been conclusively decided in the very same case. Specifically, Southern United had already filed a prior motion to compel Knight to arbitrate, the trial court had denied the motion, and this Court, holding that the evidence submitted by Southern United in support of that first motion to compel arbitration did not establish sufficient interstate commerce to support application of the FAA, had affirmed the order of the trial court denying the motion to compel. Southern UnitedFire Ins. Co. v. Knight, 736 So.2d 582 (Ala. 1999) ("Knight I").
"An interlocutory appeal may settle a particular issue of the proceedings, so that the decision becomes the law of the case for the pendency of the litigation." Parsons Steel, Inc. v. Beasley, 600 So.2d 248,252 (Ala. 1992). "Under the doctrine of the `law of the case,' whatever is once established between the same parties in the same case continues to be the law of that case, whether or not correct on general principles, so long as the facts on which the decision was predicated continue to be the facts of the case." Blumberg v. Touche Ross Co.,514 So.2d 922, 924 (Ala. 1987). See also Titan Indem. Co. v. Riley,679 So.2d 701 (Ala. 1996). "It is well established that on remand the issues decided by an appellate court become the `law of the case,' and that the trial court must comply with the appellate court's mandate."Gray v. Reynolds, 553 So.2d 79, 81 (Ala. 1989). Thus, Knight I is the law of the case on the issue of the enforceability of the arbitration provisions in Knight's policy: the law of the case in the litigation between Southern United and Knight is that the arbitration provisions are not enforceable against Knight.
Accordingly, we reverse the orders of the trial court denying the motions of Southern United to compel arbitration in Purma and Preyer and remand these causes for proceedings consistent with this opinion. However, we affirm the order of the trial court denying the second motion of Southern United to compel arbitration in Knight II.
1982188 — REVERSED AND REMANDED.
1982229 — REVERSED AND REMANDED.
1990081 — AFFIRMED. *Page 1095 
Houston, See, Lyons, Brown, Harwood, Woodall, and Stuart, JJ., concur.
Moore, C.J., concurs in 1990081 and dissents in 1982188 and 1982229.