United States Fidelity Guaranty Company (hereinafter "USFG") appeals from a judgment of the Baldwin Circuit Court in a declaratory-judgment action involving coverage under a general liability policy issued to Baldwin County Home Builders Association, Inc. (hereinafter "BCHBA"). We affirm.
The general liability policy obligated BCHBA to give notice to USFG "as soon as practicable of an `occurrence' or an offense which may result in a claim."[1] Some dissatisfied home buyers sued BCHBA and L.M. Smith, an officer of BCHBA. BCHBA and Smith first notified USFG of the claims asserted by the dissatisfied home buyers after they had been served with a complaint in the action. USFG declined coverage as to the claims because, it says, notice of the potential claims was too late. BCHBA and Smith filed an action against USFG, seeking a declaration that USFG was required to provide coverage under the general liability policy. Both sides filed motions for a summary judgment. The trial court entered a summary judgment in favor of BCHBA and Smith. USFG appealed; this Court reversed. See United States Fidelity Guaranty Co. v.Baldwin County Home Builders Ass'n, Inc., ("USFG I") 770 So.2d 72 (Ala. 2000), which sets out a complete statement of the underlying facts.
In USFG I, this Court remanded this case to the trial court for an evidentiary hearing, stating that "the question of the reasonableness of [BCHBA and Smith's] delay in giving notice is a question for the trier of fact." 770 So.2d at 76. On remand, the trial court conducted a bench trial, ordered additional briefs, and then entered a judgment in favor of BCHBA and Smith, declaring that USFG had a duty to defend and to indemnify them under the general liability policy issued by USFG.
On this appeal, USFG contends that the untimeliness of the notice to it of the potential claims is established as a matter of law from the dealings between BCHBA, Smith, and the dissatisfied home buyers in the months previous to the commencement of the underlying action by the home buyers against BCHBA and Smith. *Page 639 
In its conclusion in its brief to this Court in USFG I, USFG stated:
 "For the foregoing reasons, USFG respectfully requests that (1) the decision of the trial court be reversed and this court render an opinion that the notice given by the plaintiffs to USFG was unreasonable as a matter of law, or, in the alternative, (2) reverse the granting of summary judgment in favor of the plaintiff and remand this case to the trial court for further proceedings."
This Court declined to grant the first request but granted USFG's second request. In USFG I, this Court summarized the evidence:
 "Although Smith referred Crowe [the home buyer] to the subcontractors, Heaton Septic Tank Services and Moore Engineering, Smith remained in constant contact with the subcontractors, and Smith was probably aware that the subcontractors were not correcting the seepage problem at the Crowe residence. In Crowe's letter to Smith dated January 13, 1995, Smith was told that Heaton Septic Tank Services had taken no action. Smith testified that he and BCHBA did not notify USFG until after the lawsuit had been filed because, they say, they had believed until then that the problem could be `worked out.' BCHBA and Smith argued that because Crowe did not respond to Smith's June 6 letter informing Crowe that the problem would not be covered under his homebuilder's warranty, BCHBA and Smith considered the issue resolved.
 "BCHBA and Smith also argue that the letters from Crowe to Smith did not indicate that the Crowes would sue. USFG claims that the letters did, in fact, notify Smith that the Crowes intended to sue. BCHBA and Smith also argue that notice to USFG was not required, because, they say, they were not liable for the alleged injury to the Crowes; they say they were not liable because, they argue, the drainage problem was not covered under the homebuilder's warranty. BCHBA and Smith offered mitigating circumstances, leading to conflicting inferences concerning the reasonableness of the delay; their excuses could be found to justify the protracted delay. Thus, the matter should be resolved by the trier of fact.
 "Given these circumstances, the trial court improperly entered the summary judgment in favor of BCHBA and Smith. Accordingly, that judgment is reversed, and, because BCHBA and Smith offered mitigating circumstances, the question of the reasonableness of their delay in giving notice is a question for the trier of fact."
USFG I, 770 So.2d at 76 (emphasis added).
As the emphasized portions of the quote from USFG I reflect, USFG's contention in that appeal that the evidence established that notice of the claims was late as a matter of law was decided adversely to USFG. Had this Court concluded in the earlier appeal that the facts established that notice had been late as a matter of law, this Court's mandate to the trial court on remand would have been to render a judgment in favor of USFG. Instead, this Court reversed the trial court's judgment and remanded the case on the question of the reasonableness of delay, which was to be determined by the trier of fact. "`Under the doctrine of the "law of the case," whatever is once established between the same parties in the same case continues to be the law of that case, whether or not correct on general principles, so long as the facts on which the decision was predicated continue to be the facts of the case.'" Southern UnitedFire Ins. Co. v. Purma, 792 So.2d 1092 *Page 640 
(Ala. 2001), quoting Blumberg v. Touche Ross Co., 514 So.2d 922,924 (Ala. 1987). Because the facts have remained the same as those presented in the former appeal and because we cannot say that the trial court's findings based on ore tenus evidence and adverse to USFG are clearly erroneous, we affirm the trial court's declaratory judgment in favor of BCHBA and Smith.
AFFIRMED.
Moore, C.J., and Houston, Johnstone, and Woodall, JJ., concur.
[1] The policy defines an "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."