[1] On the notice of appeal, this name is spelled "Nichole." However, Deborah Bagley, in her deposition, spelled her daughter's name "N-e-c-o-l-e." We have styled the appeal to reflect the correct spelling.
This is the second time that this case has come before this Court. See Bagley v. Mazda Motor Corp., 864 So.2d 301 (Ala. 2003). In that opinion we summarized the history of the case as follows:
 "On March 25, 1993, Deborah Bagley; her daughters, Necole and Brittney Bagley; Necole's grandmother, Evelyn Boglin; and Deborah's friend, Ronnie Lockett (hereinafter collectively referred to as `the Bagleys'), sued Mazda Motor Corporation (`Mazda') and Creekside Motors, Inc. (`Creekside'), seeking damages under the Alabama Extended Manufacturer's Liability Doctrine (`AEMLD') on claims alleging breach of warranty and negligence."
864 So.2d at 302-03 (footnote omitted). The plaintiffs later amended their complaint to add a claim of fraud against Creekside in the sale of a vehicle. The plaintiffs' claims arose from Deborah Bagley's "as is" purchase of a 1980 Mazda automobile from Creekside and an accident that occurred on the day of the purchase. The accident occurred when the Mazda struck a guardrail after one of the wheels separated from the vehicle.
In Bagley, the parties engaged in considerable pretrial proceedings and discovery before the defendants filed motions for a summary judgment. After hearing arguments and entering partial summary judgments with respect to particular claims, the trial court subsequently entered summary judgments for Mazda and Creekside as to all claims. The Bagleys, Boykin, and Ronnie Lockett appealed to this Court and presented five issues, three challenging the trial court's summary judgments with respect to their claims made under the Alabama Extended Manufacturer's *Page 443 
Liability Doctrine ("the AEMLD"), one challenging the summary judgment for Creekside as to the breach-of-warranty claim, and the remaining one challenging the summary judgment for Creekside on the fraud claim. This Court affirmed the summary judgments as to the AEMLD claims and dismissed the appeal as to the fraud claim. Those claims are not further implicated in this present appeal. With respect to the breach-of-warranty claim, we affirmed the summary judgment for Creekside as to the breach-of-express-warranty claim, but we reversed the summary judgment with respect to the claim of breach of an implied warranty. We concluded, in light of the standard of review of a summary judgment set out in Hobson v. American Cast Iron PipeCo., 690 So.2d 341, 344 (Ala. 1997), as follows:
 "The record indicates that on the day Deborah purchased the 1980 Mazda, a wheel came off while the car was being driven. This fact raises the issue whether the car was fit for its ordinary purpose and therefore merchantable. Also, Deborah testified that a salesperson at Creekside, knowing the particular purpose for which Deborah was purchasing the car — roadway transportation — recommended the 1980 Mazda to her and dissuaded her from her first choice, which raises a fact question as to whether an implied warranty of fitness for a particular purpose existed. Thus, the evidence is sufficient to raise a genuine issue of material fact as to the Bagleys' claim as to damages for breach of implied warranties of merchantability and fitness for a particular purpose."
864 So.2d at 315. Accordingly, we remanded the cause to the trial court for further proceedings.
After our order of remand, Creekside again filed a motion for a summary judgment, and the parties exchanged further briefs and evidentiary submissions. On December 5, 2003, the trial court entered a summary judgment for Creekside by making a notation on the case action summary sheet, without stating a rationale. After the denial of their postjudgment motions to alter, amend, or vacate the summary judgment, Necole Bagley and Brittney Bagley, minors who sue by and through their next friend and mother, Deborah Bagley, and Evelyn Boglin (hereinafter referred to collectively as "the Bagleys") appealed. They assert that the summary judgment on their breach-of-implied-warranty claims is erroneous because, they say, this Court has previously held that implied warranties of merchantability and fitness for a particular purpose exist in this case and that ruling is now the "law of the case." The Bagleys also assert that the summary judgment is erroneous because, they say, their breach-of-implied-warranty claim is related to personal injuries sustained in the accident and that under such circumstances implied warranties are not to be excluded under Alabama law.
Our standard of review of a summary judgment remains the same as that set out in Hobson, supra:
 "In reviewing the disposition of a motion for summary judgment, `we utilize the same standard as the trial court in determining whether the evidence before [it] made out a genuine issue of material fact,' Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala. 1988), and whether the movant was `entitled to a judgment as a matter of law.' Wright v. Wright, 654 So.2d 542
(Ala. 1995); Rule 56(c), Ala.R.Civ.P. When the movant makes a prima facie showing that there is no genuine issue of material fact, the burden shifts to the nonmovant to present substantial evidence creating such *Page 444 
an issue. Bass v. South Trust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala. 1989). Evidence is `substantial' if it is of `such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.' Wright, 654 So.2d at 543
(quoting West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989)). Our review is further subject to the caveat that this Court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Wilma Corp. v. Fleming Foods of Alabama, Inc., 613 So.2d 359 (Ala. 1993); Hanners v. Balfour Guthrie, Inc., 564 So.2d 412, 413 (Ala. 1990)."
690 So.2d at 344.
The Bagleys' argument that the "law of th[is] case" is that implied warranties existed in the sale of the Mazda automobile they purchased is apparently prompted by the recognition that, as a general rule of law in Alabama, there are no implied warranties on the sale of a used automobile. In Osborn v. Custom TruckSales Service, 562 So.2d 243, 247 (Ala. 1990), we stated:
 "[T]his Court stated in Trax, Inc. v. Tidmore, 331 So.2d 275, 277 (Ala. 1976):
 "`The law in Alabama regarding sales of used or second-hand vehicles was stated in Kilborn v. Henderson, 37 Ala.App. 173, 65 So.2d 533 (1953): "The general rule is that there is no implied warranty of the quality or condition of a used automobile and the rule of caveat emptor applies.'"
 "See also Curry Motor Co. v. Hasty, 505 So.2d 347, 350 (Ala. 1987)."
See also Roland v. Cooper, 768 So.2d 400, 406 (Ala.Civ.App. 2000).
In the first appeal in this case, the Bagleys and Lockett argued concerning their breach-of-implied-warranty claim against Creekside that the evidence of representations by the salesperson for Creekside that the vehicle was a "good car" created an issue of fact as to whether the vehicle was sold with implied warranties and that the "as is" clause in the sales contract Deborah Bagley entered into with Creekside did not invalidate any such implied warranties. Creekside argued in rebuttal that the "as is" clause in the sales contract was sufficient to disclaim any implied warranties as a matter of law and that the summary judgment was therefore appropriate. In the alternative, Creekside argued that the evidence was not sufficient to create a genuine issue of material fact concerning the existence of any implied warranties. None of the parties raised any issue in the first appeal in this case as to whether implied warranties attached to the sale of a used automobile. In their briefs in the first appeal, the parties never mentioned the law set out in Osborn
and the cases associated with it, and this Court never ruled upon applicability of that law to the facts in this case.
After analyzing the arguments in the first appeal concerning the Bagleys' breach-of-implied-warranty claim against Creekside, we concluded that Creekside had satisfied the statutory requirements of Ala. Code 1975, § 7-2-316(3)(a), for disclaiming warranties by using the term "as is" in the sales contract. However, we also considered the application of §§ 7-2-316(5) and7-2-317:
 "Section 7-2-316(5) states, in pertinent part, that `[n]othing in subsection (2)[13] or subsection (3)(a) or in Section 7-2-317[14] shall be construed so as to limit or exclude the seller's liability for damages for injury to the person in the case of consumer goods.' `Consumer goods' are defined as `goods that are used or bought for use primarily for personal, *Page 445 
family, or household purposes.' Ala. Code 1975, § 7-9A-102(a)(23). Here the Bagleys are suing based on personal injuries they suffered as a result of the purchase of a car, which, under the facts of this case, is a consumer good. In order for the Bagleys to sustain a claim for breach of an implied warranty, they must show `"the existence of the implied warranty, a breach of that warranty, and damages proximately resulting from that breach."' Barrington Corp. v. Patrick Lumber Co., 447 So.2d 785, 787
(Ala.Civ.App. 1984) (quoting Storey v. Day Heating Air Conditioning Co., 56 Ala.App. 81, 83, 319 So.2d 279, 280 (1975)).
 "[13]Ala. Code 1975, § 7-2-316(2), provides:
 "(2) Subject to subsection (3), to exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous, and to exclude or modify any implied warranty of fitness the exclusion must be by a writing and conspicuous. Language to exclude all implied warranties of fitness is sufficient if it states, for example, that `There are no warranties which extend beyond the description on the face hereof.'
 "[14]Ala. Code 1975, § 7-2-317, provides the process for resolving any conflict that might arise between warranties."
864 So.2d at 315. Accordingly, the Court reversed the summary judgment as to the breach-of-implied-warranty claim and remanded the cause for further proceedings in the trial court to determine whether any implied warranties existed.
We recently discussed the doctrine of the law of the case inLyons v. Walker Regional Medical Center, Inc., 868 So.2d 1071,1077 (Ala. 2003):
 "`It is well established that on remand the issues decided by an appellate court become the "law of the case," and that the trial court must comply with the appellate court's mandate.' Gray v. Reynolds, 553 So.2d 79, 81 (Ala. 1989). If, however, an observation by the appellate court concerning an issue is premised on a particular set of facts, and the nature of the remand is such that it is permissible and appropriate to consider additional facts relevant to the issue, the law-of-the-case doctrine is inapplicable. Quimby v. Memorial Parks, Inc., 835 So.2d 134 (Ala. 2002); United States Fid. Guar. Co. v. Baldwin County Home Builders Ass'n, 823 So.2d 637 (Ala. 2001); Blumberg v. Touche Ross Co., 514 So.2d 922 (Ala. 1987); Gonzalez v. Blue Cross Blue Shield of Alabama, 760 So.2d 878
(Ala.Civ.App. 2000)."
(Emphasis added.)
 "`Under the doctrine of the "law of the case," whatever is once established between the same parties in the same case continues to be the law of that case, whether or not correct on general principles, so long as the facts on which the decision was predicated continue to be the facts of the case.' Blumberg v. Touche Ross Co., 514 So.2d 922, 924
(Ala. 1987). See also Titan Indem. Co. v. Riley, 679 So.2d 701 (Ala. 1996). `It is well established that on remand the issues decided by an appellate court become the "law of the case," and that the trial court must comply with the appellate court's mandate.' Gray v. Reynolds, 553 So.2d 79, 81 (Ala. 1989)."
Southern United Fire Ins. Co. v. Purma, 792 So.2d 1092, 1094
(Ala. 2001). In the words of Justice Holmes, the doctrine of the law of the case "merely expresses the practice of courts generally to refuse to reopen what has been decided. . . ."Messinger v. Anderson, 225 U.S. 436, 444, 32 S.Ct. 739,56 L.Ed. 1152 (1912) (emphasis added).
In the original appeal of this case, the Court decided under the facts and arguments presented to it by the parties *Page 446 
that Creekside's use of the term "as is" did not necessarily disclaim all implied warranties, and we remanded the case to the trial court to determine whether any such implied warranties might exist. As the Court stated in its opinion in the original appeal, one of the elements the Bagleys were required to show to sustain a claim of breach of an implied warranty was "the existence of the implied warranty." 864 So.2d at 315. We did not hold definitively that implied warranties existed. Rather, we remanded the cause for the trial court to make that determination. In the proceedings after remand, the parties continued to argue over the existence of implied warranties, and Creekside again moved for a summary judgment, for the first time asserting that no implied warranties attached to the sale of a used car as a matter of law and citing Osborn and cases with similar holdings. We therefore conclude that the doctrine of the law of the case as set out in Lyons and its predecessors is inapplicable to this case because we did not, in the original appeal, dispositively decide the issue whether any implied warranties existed.
Accordingly, we next consider whether the trial court erred in entering a summary judgment for Creekside. In that respect, the Bagleys have presented nothing to show that Osborn and the other Alabama cases holding that no implied warranties attach to the sale of used automobiles are inapplicable to this case, and our research has discovered no basis for so holding. It follows that the Bagleys have failed to establish the existence of any implied warranties in this case. In the absence of any showing that implied warranties existed, the Bagleys' argument that such warranties were not excluded by the "as is" language in the sales contract has no merit, and the trial court correctly entered the summary judgment for Creekside on their breach-of-implied-warranty claim. That summary judgment is therefore due to be affirmed.
AFFIRMED.
NABERS, C.J., and SEE, STUART, and BOLIN, JJ., concur.