920 So.2d 1110 (2005)
G.E.A.
v.
D.B.A.
2040392.
Court of Civil Appeals of Alabama.
July 29, 2005.
*1111 G.E.A., pro se.
Submitted on appellant's brief only.
PER CURIAM.
This is the second time these parties have been before this court.
G.E.A. ("the husband") and D.B.A. ("the wife") were divorced by a January 14, 1999, judgment of the trial court. That judgment incorporated an agreement of the parties and ordered, among other things, that the husband pay certain of the parties' joint marital debts.
On February 10, 1999, within 30 days of the entry of the divorce judgment, the husband filed a postjudgment motion pursuant to Rule 59(e), Ala. R. Civ. P. In that motion, the husband asserted, among other things, that a certain MasterCard creditcard debt was not a joint debt of the parties and, therefore, that he should not *1112 be responsible under the divorce judgment for the payment of that debt.
The husband's February 10, 1999, postjudgment motion was denied by operation of law after 90 days, on May 11, 1999. Rule 59.1, Ala. R. Civ. P. The husband then had 42 days, until June 22, 1999, to appeal. Rule 4(a)(1), Ala. R.App. P. The husband did not appeal.
Rather, on May 7, 1999, the husband filed a motion purportedly pursuant to Rule 60(b), Ala. R. Civ. P., or, in the alternative, the husband purported to "renew" his February 10, 1999, postjudgment motion. In that motion, the husband again sought the amendment of the divorce judgment to omit any reference to the creditcard debt that, in his February 10, 1999, postjudgment motion, he had contended was not a "joint" debt of the parties. In the alternative, he sought relief from the divorce judgment with regard to that debt. Also on May 7, 1999, the husband filed a second "Rule 60(b)" motion, seeking to have the trial court change the divorce judgment to specify that the divorce was granted on the grounds of adultery rather than incompatibility. On May 17, 1999, the trial court denied both of the husband's May 7, 1999, motions. The husband did not appeal from the denial of those motions.
On September 16, 1999, the wife filed a petition in the trial court seeking to have the husband held in contempt for his failure to pay alimony and certain debts of the parties and seeking a judgment awarding her the amounts that were past due under the divorce judgment. On October 13, 1999, the husband filed a "renewed Rule 60(b)" motion. That motion was identical to the first of the two Rule 60(b) motions the husband had filed on May 7, 1999. The trial court denied the husband's October 13, 1999, motion on October 20, 1999.
Thereafter, on October 27, 1999, the husband filed another "renewed Rule 60(b)" motion; that motion was identical to the second of the two May 7, 1999, motions. The trial court denied that motion on November 4, 1999.
On October 14, 1999, the trial court conducted a hearing on the wife's September 16, 1999, petition to have the husband held in contempt. On November 12, 1999, the husband filed a motion purportedly pursuant to Rule 59, Ala. R. Civ. P.[1] It appears from that motion that at the hearing on the wife's contempt petition the trial court had announced its intention to enter a judgment in favor of the wife. However, the trial court did not enter a judgment on the wife's September 16, 1999, petition until March 22, 2000. In its March 22, 2000, judgment, the trial court ordered, among other things, that the "defendant" pay $18,776.70 to the "plaintiff."
On April 17, 2000, the husband filed yet another motion purportedly pursuant to Rule 60(b); that motion was identical in substance to other motions previously filed by the husband. The trial court denied the husband's April 17, 2000, motion on April 25, 2000. The husband timely appealed the March 22, 2000, judgment enforcing the provisions of the divorce judgment and the April 25, 2000, denial of his April 17, 2000, "Rule 60(b)" motion.
In his appeal from the March 22, 2000, judgment, the husband argued, among other *1113 things, that the trial court had erred in entering its March 22, 2000, judgment in favor of the wife to the extent that that judgment included the MasterCard creditcard debt, which he asserted was not a joint debt of the parties; that the March 22, 2000, judgment was clearly contrary to the intentions of the parties in entering into the settlement agreement upon which the divorce judgment was based; and that the March 22, 2000, judgment was a result of the wife having committed fraud on the court. This court affirmed the March 22, 2000, judgment without issuing an opinion. See G.E.A. v. D.B.A. (No. 2990818), 822 So.2d 489 (Ala.Civ.App.2000) (table).
On October 20, 2003, the wife, proceeding pro se, filed in the trial court a motion seeking to have the husband held in contempt for his continued failure to pay the debts and the alimony award he previously had been ordered to pay. The husband, also proceeding pro se, answered and moved to dismiss the wife's October 20, 2003, petition. The husband is an attorney. Therefore, many of the circuit judges in the judicial circuit in which the husband practices recused themselves, and the acting Chief Justice of the Supreme Court of Alabama appointed Judge Robert M. Harper, a judge from another judicial circuit, to hear the case. The trial court conducted a hearing on the wife's October 20, 2003, petition at which it heard ore tenus testimony.
On August 25, 2004, the trial court entered a judgment in favor of the wife in which it ordered the husband to satisfy the debt-payment and alimony provisions of the divorce judgment. On September 22, 2004, the husband filed a postjudgment motion; that judgment was denied by operation of law pursuant to Rule 59.1, Ala. R. Civ. P. The husband timely appealed.
The husband argues on appeal that the trial court lacked jurisdiction over this matter; he alleges that the wife did not initiate an independent action in this matter because she did not pay a filing fee when she filed her October 20, 2003, petition for contempt and enforcement. A contempt action is a separate action requiring the payment of a filing fee. Opinion by the Clerk, 381 So.2d 58 (Ala.1980). Our courts have held that the payment of a filing fee is a jurisdictional matter. DeGas, Inc. v. Midland Res., 470 So.2d 1218, 1220 (Ala.1985); and Farmer v. Farmer, 842 So.2d 679, 681 (Ala.Civ.App.2002). Therefore, that issue may be considered ex mero motu or for the first time on appeal. Heaston v. Nabors, 889 So.2d 588, 590 (Ala.Civ.App.2004) ("[J]urisdictional issues are of such significance that a court may take notice of them ex mero motu." (citing Eubanks v. McCollum, 828 So.2d 935, 937 (Ala.Civ.App.2002))).
The husband did not raise this jurisdictional issue before the trial court; that fact is significant because the record on appeal does not indicate that the wife did not pay the required filing fee in support of her October 20, 2003, petition. The wife's October 20, 2003, petition was designated with a new case number, which indicates that the trial court clerk considered the petition to be instigating a new proceeding or action. Further, the case action summary indicates that the trial court clerk dismissed another contempt petition filed by the wife for failure to pay a filing fee but that it reinstated that petition after the wife paid the required fee.[2] Thus, the trial *1114 court clerk clearly was aware of the requirement that a party pay a filing fee in order to prosecute a new action alleging contempt. In order to rule in favor of the husband on this issue, this court would have to assume, based on a silent record, that the trial court clerk did not collect the required fee and that the trial court considered the action in the absence of the payment of the filing fee. It is the duty of the husband, as the appellant, to demonstrate an error on the part of the trial court; this court will not presume such error on the part of the trial court. Marvin's, Inc. v. Robertson, 608 So.2d 391, 393 (Ala.1992).[3]
The husband next argues that the wife's October 20, 2003, petition was a "postjudgment motion" and that, as such, it was untimely. The husband also maintains that, assuming that the wife's October 20, 2003, "postjudgment motion" was timely, it was denied by operation of law. See Rule 59.1, Ala. R. Civ. P. (a postjudgment motion filed pursuant to Rule 59, Ala. R. Civ. P., is deemed denied by operation of law if the trial court does not rule on that motion within 90 days of the date of the filing of the motion). However, as stated above, the wife's October 20, 2003, petition clearly instigated an independent action seeking to enforce the trial court's divorce judgment or its March 22, 2000, judgment and to have the husband held in contempt for his failure to pay the amounts due under those judgments. Therefore, this court does not need to address further the issues the husband raises based upon his mischaracterization of the wife's October 20, 2003, petition as a "postjudgment motion."
The husband also argues that the wife's October 20, 2003, petition "sought relief despite" the fact that the March 22, 2000, judgment was "defective." The husband points out that the March 22, 2000, judgment states that it was entered "in favor of the Plaintiff and ... against the Defendant." That judgment is styled "In re: the marriage of [G.E.A.] and [D.B.A.]." In his brief on appeal, the husband maintains that because he was the petitioner in the original divorce action and because he is listed first in the style of the March 22, 2000, judgment, he is the "plaintiff" in whose favor the judgment was entered. He argues, citing one case as general authority in support of his argument, only that there has been no attempt by any party to correct the purported "ambiguity" in the March 22, 2000, judgment. The husband does not make any argument pertaining to the possible effect of that purported "ambiguity" either on the wife's October 20, 2003, petition or on the current appeal of the August 25, 2004, judgment.
The March 22, 2000, judgment states that the wife's former attorney had failed to draft a judgment in compliance with instructions given him by the trial court. That judgment was entered in response to *1115 a petition initiated by the wife, who could be said to be the "petitioner" or "plaintiff" with regard to that enforcement and contempt action. The husband's own November 12, 1999, purported "Rule 59 motion" indicated that the trial court had, at the October 14, 1999, hearing, "granted the [wife] ... a judgment against the [husband]." Thus, it is clear that the parties understood that the trial court, in entering its March 22, 2000, judgment, was entering a judgment in favor of the wife.
Further, the husband appealed the March 22, 2000, judgment, arguing that the trial court had erred for several reasons in entering a judgment in favor of the wife. This court affirmed.
"`"Under the doctrine of the `law of the case,' whatever is once established between the same parties in the same case continues to be the law of that case, whether or not correct on general principles, so long as the facts on which the decision was predicated continue to be the facts of the case." Blumberg v. Touche Ross & Co., 514 So.2d 922, 924 (Ala.1987). See also Titan Indem. Co. v. Riley, 679 So.2d 701 (Ala.1996). "It is well established that on remand the issues decided by an appellate court become the `law of the case,' and that the trial court must comply with the appellate court's mandate." Gray v. Reynolds, 553 So.2d 79, 81 (Ala.1989).'
"Southern United Fire Ins. Co. v. Purma, 792 So.2d 1092, 1094 (Ala.2001). In the words of Justice Holmes, the doctrine of the law of the case `merely expresses the practice of courts generally to refuse to reopen what has been decided ....' Messinger v. Anderson, 225 U.S. 436, 444 (1912) (emphasis added [in Bagley])."
Bagley ex rel. Bagley v. Creekside Motors, Inc., 913 So.2d 441, 445 (Ala.2005). We conclude that the husband's liability under the March 22, 2000, judgment was established, at the very least, through the doctrine of law of the case.
Further, the trial court has the inherent authority to interpret its own judgments. State Pers. Bd. v. Akers, 797 So.2d 422, 424 (Ala.2000). Even after the appeal to this court, the trial court had the authority to clarify or enforce its March 22, 2000, judgment. Id. The husband asserted his argument that the March 22, 2000, judgment was ambiguous before the trial court. Even assuming that the trial court agreed with the husband that the March 22, 2000, judgment was ambiguous and that in entering its August 25, 2004, judgment it intended to replace the March 22, 2000, judgment, the trial court, in its August 25, 2004, judgment, again ordered the husband to pay those amounts he was ordered to pay under the divorce judgment. The husband has made no argument that the purported ambiguity in the March 22, 2000, judgment has affected his liability to pay the amounts due under the divorce judgment that has now, by the August 25, 2004, judgment, been ordered to be enforced. Any such argument has now been waived. See Robino v. Kilgore, 838 So.2d 366, 370 (Ala.2002).
There is no merit to the arguments the husband has asserted in his brief on appeal. Under Rule 38, Ala. R.App. P., this court may, ex mero motu, award "just damages and single or double costs to the appellee" where the appellant prosecutes a frivolous appeal. Given the arguments raised by the husband in his brief on appeal, together with the extensive procedural history of this case and the fact that the husband is an attorney, we conclude that this appeal is brought for delay and that it is frivolous. See Committee Comments, Rule 38, Ala. R.App. P. Therefore, we award the wife an amount equal to double *1116 the costs of this appeal as a sanction against the husband.
AFFIRMED.
All the judges concur.
NOTES
[1] A motion pursuant to Rule 59, Ala. R. Civ. P., may be filed only with regard to a final order or judgment. Ex parte Troutman Sanders, LLP, 866 So.2d 547, 549-50 (Ala.2003); see also Malone v. Gainey, 726 So.2d 725, 725 n. 2 (Ala.Civ.App.1999). At the time the husband filed his November 12, 1999, motion, the trial court had announced its intention to enter a judgment in favor of the wife on her contempt petition, but it did not actually do so until March 22, 2000.
[2] After the husband's September 22, 2004, postjudgment motion was denied by operation of law, but before the husband appealed from the trial court's August 25, 2004, judgment, the wife, on January 5, 2005, filed a petition seeking to have the husband held in contempt for his continued failure to pay the amounts ordered under the August 25, 2004, judgment. The case action summary indicates that on May 27, 2005, the trial court dismissed the wife's January 5, 2005, contempt petition. However, the trial court reinstated that contempt petition and assigned it a new case number (CV-98-1019-02) after the wife paid the appropriate filing fee.
[3] Out of an abundance of caution, we note that the clerk of this court contacted the trial court clerk regarding whether the wife had paid a filing fee in support of her October 20, 2003, petition. The trial court clerk confirmed that the wife had paid a filing fee in support of her October 20, 2003, petition at the time she filed that petition. The trial court clerk forwarded a copy of the receipt of that payment to this court. The husband's argument that the wife failed to file an independent action and that she did not pay a filing fee in support of her October 20, 2003, petition is therefore without merit.