*125
 
 BRYAN, Judge.
 

 Mary Murphy appeals from a summary judgment entered in favor of the Madison City Board of Education (“the City Board”). We affirm.
 

 From 1994 to 1996, Murphy worked as a bus driver for the Madison County Board of Education (“the County Board”). In August 2005, Murphy began working as a bus driver for the City Board. In May 2008, the City Board terminated Murphy’s employment. In November 2008, Murphy sued the City Board, alleging that she had been wrongfully discharged. In her complaint, Murphy alleged that she had attained nonprobationary status as an employee under the Fair Dismissal Act, § 36-26-100 et seq., Ala.Code 1975 (“the FDA”), while working for the City Board. Murphy alleged that both her employment with the County Board from 1994 to 1996 and her employment with the City Board from 2005 to 2008 should be considered for purposes of determining her employment status under the FDA. Murphy further alleged that the City Board had dismissed her without affording her the protections provided to nonprobationary employees under the FDA.
 

 The City Board filed a Rule 12(b)(6), Ala. R. Civ. P., motion to dismiss, asserting that Murphy had not attained nonpro-bationary status before her dismissal. Murphy filed a response to the motion to dismiss, which she supported with eviden-tiary submissions. The City Board subsequently submitted evidence in support of its motion to dismiss. Because matters outside the pleadings were presented to and considered by the trial court, it treated the City Board’s motion as a motion for a summary judgment.
 
 See
 
 Rule 12(b), Ala. R. Civ. P.
 
 [1]
 
 On March 5, 2009, the trial court entered a summary judgment in favor of the City Board, concluding that Murphy was a probationary employee at the time of her dismissal by the City Board. Murphy subsequently filed a timely appeal to this court.
 

 “In reviewing the disposition of a motion for summary judgment, ‘we utilize the same standard as the trial court in determining whether the evidence before [it] made out a genuine issue of material fact,’
 
 Bussey v. John Deere Co.,
 
 531 So.2d 860, 862 (Ala.1988), and whether the movant was ‘entitled to a judgment as a matter of law.’
 
 Wright v. Wright,
 
 654 So.2d 542 (Ala.1995); Rule 56(c), Ala. R. Civ. P. When the movant makes a prima facie showing that there is no genuine issue of material fact, the burden shifts to the nonmovant to present substantial evidence creating such an issue.
 
 Bass v. SouthTrust Bank of Baldwin County,
 
 538 So.2d 794, 797-98 (Ala.1989). Evidence is ‘substantial’ if it is of ‘such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’
 
 Wright,
 
 654 So.2d at 543 (quoting
 
 West v. Founders Life Assurance Co. of Florida,
 
 547 So.2d 870, 871 (Ala.1989)). Our review is further subject to the caveat that this Court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant.
 
 Wilma Corp. v. Fleming Foods of Ala
 
 
 *126
 

 bama, Inc.,
 
 613 So.2d 359 (Ala.1993);
 
 Hammers v. Balfour Guthrie, Inc.,
 
 564 So.2d 412, 413 (Ala.1990).”
 

 Hobson v. American Cast Iron Pipe Co.,
 
 690 So.2d 341, 344 (Ala.1997).
 

 The dispositive issue on appeal is whether Murphy had attained nonproba-tionary status under the FDA when the City Board terminated her employment. Murphy argues that she had attained non-probationary status at the time of her dismissal and, therefore, that the City Board wrongfully dismissed her without providing her the procedures afforded to a nonprobationary employee under the FDA.
 

 In pertinent part, the FDA defines employees to “include all persons employed by county and city boards of education ... who are ... employed ... as bus drivers ....” § 36-26-100, Ala.Code 1975. Therefore, as a bus driver employed by the City Board, Murphy was an “employee” under the FDA. An employee covered by the FDA “shall be deemed employed on a probationary status for a period not to exceed three years from the date of his or her initial employment, or a lesser period which may be fixed by the employing authority.” § 36-26-101(a), Ala.Code 1975. An employer may dismiss an employee without cause during the employee’s probationary period by providing the employee written notification at least 15 days before the effective date of the dismissal. § 36-26-101(c);
 
 Ex parte Hamilton,
 
 [Ms. 2080589, Nov. 13, 2009] — So.3d -, -(Ala.Civ.App.2009). Once the three-year probationary period ends, however, an employee attains nonprobationary status and may be dismissed only for good and just cause within the meaning of § 36-26-102, Ala.Code 1975. A nonprobation-ary employee may be dismissed only in accordance with the procedures established in §§ 36-26-103 and -104, Ala.Code 1975.
 

 As noted, Murphy worked for the City Board from August 2005 to May 2008. Therefore, Murphy worked for the City Board for fewer than the three years required to attain nonprobationary status. Murphy argues, however, that her employment with the County Board from 1994 to 1996 should also be counted toward the completion of her three-year probationary period under the FDA. In order for Murphy to be deemed a nonprobationary employee in this case, her employment with both the County Board and the City Board would have to be counted toward the completion of the probationary period.
 

 Murphy argues that her employment period with the County Board should be added to her employment period with the City Board to give her the requisite employment term to be deemed a nonproba-tionary employee. In making that argument, Murphy cites
 
 Ex parte Clayton,
 
 552 So.2d 152 (Ala.1989). In
 
 Ex parte Clayton,
 
 our supreme court construed the FDA as not requiring the period of probationary employment to be consecutive or continuous. 552 So.2d at 154-55. Murphy then argues that the City Board was “formed out of’ or “divided” from the County Board in 1997. Murphy therefore contends that her employment periods from both her employment with the County Board and the City Board should count toward the completion of her probationary period. However, the evidence in this case does not indicate that the City Board was “formed out of’ or “divided” from the County Board. On October 16, 1997, the City of Madison (“the City”) adopted a resolution establishing the City Board. Subsequently, the City Board and the County Board entered into an agreement (“the agreement”) in which the City Board agreed to assume from the County Board responsibility for the administration and supervision of the public schools located
 
 *127
 
 within the City, effective July 1, 1998. In the agreement, the County Board conveyed to the City Board various assets and debts associated with the public schools located within the City. The agreement indicates that the City Board was not created from the County Board, contrary to Murphy’s contention. Instead, the City Board was created independently by a resolution adopted by the City, and the City Board subsequently contracted with the County Board for the City Board to take control of the public schools within the City. Because the factual premise on which Murphy grounds her initial argument is unsupported by the record on appeal, that argument fails.
 

 We emphasize that “Murphy does
 
 not
 
 argue that separate employments ... should normally be considered in crediting time towards” the completion of a new employee’s probationary period under the FDA. Murphy’s brief at 13-14 (emphasis added). Murphy’s failure to make that argument distinguishes this case from
 
 Franks v. Jordan,
 
 [Ms. 2080520, Nov. 25, 2009]
 
 *
 
 (stating that “the fact that [an employee] had not worked for a
 
 single
 
 two-year educational institution for three years did not prohibit him from attaining non-probationary status [under the FDA]”).
 

 Murphy, citing the agreement, next argues that the City Board consented to treat her as a nonprobationary employee. The agreement provided that, when the City Board took control of the public schools within the City, the City Board would employ employees of the County Board who had worked exclusively at those schools through the end of the 1997-1998 school term, with certain exceptions. Dee Fowler, the superintendent of the City Board, testified that the employe.<•'. of fin-County Board at the end of tbe 1997 !99>-school term who accepted employment •with the City Board pursuant to the agreement were credited, for purposes of attaining nonprobationary status, with time served as employees of the County Board. Murphy, however, was not employed by the County Board through the end of the 1997-1998 school term; she last worked for the County Board in 199(5. Therefore, she was not a member of the group of new employees of the City Board who received credit toward attaining nonprobationary status for their previous employment with the County Board. The agreement does not indicate that the City Board consented, for purposes of determining Murphy’s employment status under the FDA, to provide Murphy credit for her previous employment with the County Board when the City Board hired her in 2005.
 

 In arguing that the City Board consented to treat her as a nonprobationary employee, Murphy also cites her affidavit testimony stating that, when the City Board hired her in 2005, the City Board compensated her at a rate commensurate with her previous employment with the County Board. Superintendent Fowler testified that the City Board may credit a new employee for similar work with a former employer when determining the new employee’s compensation rate. Superintendent Fowler further testified that, in determining Murphy’s initial compensation rate as a bus driver for the City Board, the City Board had credited Murphy for her previous employment as a bus driver for the County Board. However, that action by the City Board does not indicate that the City Board intended to credit Murphy
 
 *128
 
 for her previous employment with the County Board for purposes of determining her employment status under the FDA. The record does not contain evidence indicating that the City Board consented to treat Murphy as a nonprobationary employee by crediting her for her previous employment with the County Board.
 

 Based on the foregoing, the trial court’s summary judgment is affirmed.’■
 

 AFFIRMED.
 

 THOMPSON, P.J., and PITTMAN and THOMAS, JJ., concur.
 

 MOORE, J., concurs in the result, without writing.
 

 [1]
 

 . Rule 12(b) states, in pertinent part:
 

 “If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.”
 

 *
 

 Note from the reporter of decisions: On April 2, 2010, the Alabama Court of Civil Appeals withdrew its November 25, 2009, opinion and substituted another one. On July 2, 2010, that court withdrew the April 2, 2010, opinion and substituted another one. The July 2, 2010, opinion does not contain the quoted language.